JUDGE HARDIN
delivered the ottnioh of the court.
These causes, involving questions substantially analogous, were by consent heard together by the Jefferson Court of Common Pleas, without the intervention of a jury, and the trial resulted in a judgment in favor of the plaintiffs for $636.50 in each case, from which the defendant has appealed to this court.
The suits were upon promissory notes executed by the appellant in consideration of insurance undertaken on his two steamboats, the St. Nicholas and St. Charles, by the appellees, as corporations located in the state of Ohio; the boats insured being at the time at New Albany, Indiana.
The defense in each case was, that the contracts of insurance on the part of the plaintiffs were made by L. C. Perry, their agent, in the state of Indiana, and that said notes were given and the policies of insurance accepted in that state, and that no action could be maintained on the notes because said agent effected the insurance without *136 having complied with any of the requirements of the following act of the General Assembly of the State of Indiana, which was approved June 17, 1852 (1 Garvin & Hoard’s Statutes, 372):
“Sec. 1. Be it enacted by the General Assembly of the State of Indiana, that agents of corporations not incorporated or organized in this state, before entering upon the duties of their agency in this state, shall deposit in the clerk’s office of the county wherein they propose doing business therefor the power of attorney, commission, appointment, or other authority under or by virtue of which they act as agents.
“ Sec. 2. Said agents shall procure from such corporations, and file with the clerk of the circuit court of the county wherein they propose doing business, before commencing the duties thereof, a duly authenticated order, resolution, or other sufficient authority of the board of directors or managers of such corporations, authorizing citizens or residents of this state, having a claim or demand against such corporation, arising out of any transaction in this state with such agents, to sue for and maintain an action in respect to the same in any court of this state of competent jurisdiction, and further authorizing service of process in such action on such agent to be valid service on such corporation; and that such service shall authorize judgment and all other proceedings against such corporation.
“Sec. 3. The service of the process on such agents, in actions commenced against such corporation, shall be deemed a service on the corporation, and shall authorize the same proceedings as in other cases.
“Sec. 4. Such foreign corporations shall not enforce, in any courts of this state, any contract made by their agents, or persons assuming to act as their agents, before *137 a compliance by such agents, or persons acting as sncb, ■with the provisions of sections 1 and 2 of this act.
“ Sec. 5. Any person who shall, directly or indirectly, receive or transmit money or other valuable thing to or for the use of such corporations, or who shall in any manner make or cause to be made any contract, or transact any business for or on account of any such foreign corporations, shall be deemed an agent of such corporation, and be subject to the provisions of this act relating to agents of foreign corporations.
“Sec. 6. The foregoing section shall not apply topersons acting as agents for foreign corporations for a special or temporary purpose, or for purposes not within the ordinary business of such corporations; nor shall it apply to attorneys at law as such.
“ Sec. 7. Any person acting as agent of foreign corporations as aforesaid, neglecting or refusing to comply with the foregoing provisions as to agents, shall, upon presentment or indictment, be fined in any sum not less than fifty dollars.”
The facts proved on the trial, so far as deemed material, are that L. C. Ferry resided at New Albany, Indiana, and was engaged in the business of effecting fire and marine insurances in the offices of the appellees and other foreign insurance companies; acting as a broker in procuring applications to be made and policies to be issued thereon, which were sent to him at New Albany, to be delivered to parties assured upon their paying or arranging in his hands the premium rates exacted; and although he was not authorized, as agent'of the appellees, to take risks, and bind them by contracts which they might not ratify or adopt, he was so far the employee of the appellees as to be entitled to receive from them commissions, as compensation for his services, on all premium notes or payments *138 for risks taken through his agency or intervention between the appellees and the assured; and under a contract with the appellees he looked to and received from them his compensation for services so rendered, receiving nothing and being entitled to nothing for such services from the parties assured. And acting on the faith of this arrangement between him and the appellees, he solicited of and obtained from the appellant, at New Albany, permission to apply for and effect with the ajDpellees the insurances on his boats; and said Ferry, acting through his brother, Francis Ferry, at Cincinnati, caused the policies of insurance to be prepared for delivery to the appellant, and sent to said L. C. Ferry, at New Albany, thereto be delivered by him to the appellant upon his executing and delivering to Ferry for the appellees the premium notes in controversy, which was done, and the notes were transmitted by Ferry to his brother at Cincinnati, who delivered them to the appellees; Ferry having at the execution of the notes delivered the policies to the appellant.
These are substantially the facts conducing to show the agency of Ferry for the appellees; and it appears from his own testimony that he did not comply with any of the requirements of said act of the Indiana legislature.
Admitting that the arrangement or contract between the appellees and Ferry did not create such an agency in him as would enable him to bind them by contracts, or other acts of his not sanctioned or expressly authorized by them, we are nevertheless of the opinion that his general service of the appellees was such that he should be deemed their agent, according to the 5th section of the Indiana statute, so far as to render the contracts made through his intervention subject to the provisions of the statute, if, in fact, they were consummated in the state of Indiana.
*139 But, as we construe the statute, it does not apply to contracts relating to insurance made beyond tbe limits of that state, however initiated or procured; but its provisions were intended to prohibit the enforcement of contracts made within that state, through the agency of such persons as the act describes, without a compliance with its requirements. The principal question to be determined therefore is, whether the contract was consummated in Indiana, where Ferry and the appellant were, or in the state of Ohio where the insurance companies were located.
It has been repeatedly decided that a contract of insurance may be completed by the issuing of a policy, and its transmission by mail or otherwise,_ to the party assured, although in a distant state; and this is the import on this subject of the cases of Hyde, &c. v. Goodnow, 3 Comstock, 266, and Huntley, &c. v. Merrill, 32 Barbour, 626. But in these cases, and others to which we have been referred, the execution and delivery of the policies were the last acts necessary to complete the transaction; and the transmission of the policy being equivalent to an actual delivery, both parties became bound by the contract as soon as that was done, and therefore the place from which the policy was so sent to the assured was held to be the place' of the contract.
But there is a marked difference between those cases and this. As at the time the policies were sent forward from Cincinnati the premium notes were still to be given, and their approval and acceptance by Ferry was required as a condition precedent to the delivery of the policies to the appellant, it is manifest that neither party could be bound until the notes were accepted and the policies delivered by Ferry. This having been done at New Albany, Indiana, that must be regarded as the place of the contract. (2 Parsons on Contracts, 582.)
*140 It is insisted, however, for the appellees, that if said contracts could not be enforced in the courts of Indiana, the notes,,were nevertheless not absolutely void, and the appellees were entitled to a recovery upon them in the courts of this state, notwithstanding the prohibition of the Indiana statute. But it is a general rule, applicable to the invalidity of contracts, that if void or illegal by the laws of the place of the contract, they are generally held void and illegal everywhere. (Story on Conflict of Laws, sec. 243.) And where a contract is declared'void or shown to be illegal by the law of the state or country where it is made, it can not ordinarily be enforced as a valid contract in any other country (Hyde v. Goodnow, 3 Comstock, supra); and unless to be performed in some other country where the contract would be legal, which does not appear in this ease, such contracts are universally held to be void.
It seems to us therefore ■ that said judgments are eri’oneous.
"Wherefore the judgments are reversed, and the causes remanded for a new trial, and for further proceedings xxot inconsistent with this opinion.