## Wolf Cohan *v.* O. S. Tenny.

**Principal and Surety—Bills and Notes—Instructions.**

In an action against a surety on a note, dated at Cincinnati, O., but actually endorsed while in Kentucky, an instruction was erroneous, that would in effect have made the enquiry, whether the contract was or not completed in Ohio, depend alone on the proof as to the place at which the transferred notes were actually received by the plaintiff, thus precluding evidence conducing to prove a delivery of the notes in Kentucky to an agent.

**Same.**

An instruction was erroneous, that in effect made the lex loci con-tractu depend solely on the place at which the mere act of endorsing the notes occurred, whether they were actually or constructively delivered in this state or note.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

May 17, 1871.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellant, a citizen of the state of Ohio, brought this action in the Montgomery circuit court against the appellee, as endorser of several obligations signed by S. Bachman, in the form of promissory notes made payable to the order of the appellant at a banking house in the city of Cincinnati, Ohio. These notes having the character and effect of bills of exchange by the law of Ohio, while they were only simple promissory notes according to the law of this state; and the holder having failed to prosecute Bachman to insolvency with the diligence necessary to hold the appellant bound, if his responsibility was only that of an ordinary assignor, the essential question presented by the defense and involved in the trial, was, whether the undertaking of the appellee, as implied by his endorsement of the notes was in fact made and consumated in this state or the state of Ohio?

While the evidence conduces to the conclusion that the notes, which were written at Cincinnati, and probably there signed by Bachman, were endorsed as assigned by the appellant at Mt. Sterling, in Kentucky, it is not determinate or certain as to the

question whether the contract of the appellant was completed simultaneously with the physical act of endorsing the notes in Kentucky, by either a delivery of them to the appellant, or any agent of his, or such a transmission of them, by mail or otherwise, as was legally necessary to make the transfer of the notes to the appellant, effectual and binding on the appellee. The principles of law applicable to this inquiry of fact are so fully stated and explained in the cases of Goddin v. Shipley, 7 B. Monroe, 575; Young v. Harris, 14 B. Monroe, 556; Carlisle, etc., v. Chambers, 4 Bush, 268, and Ford v. Buckeye State Insurance Co., 6 Bush, 133, as to render more than a simple reference to those cases unnecessary.

It seems to us that neither the instruction asked by the plaintiff, which was refused, nor that asked by the defendant, and given by the court, was a correct presentation of the law of the case; the first was not because it would, in effect, have made the inquiry whether the contract was or not completed in Ohio, depend alone on the proof as to the place at which the transferred notes were actually received by the appellant, thus virtually precluding the consideration of any evidence conducing to prove a delivery of the notes in Kentucky to an agent of the appellant, or their transmission to him by the appellee, with his executed endorsement upon them; and the instruction which the court gave was erroneous because it, in effect, made the *lex loci contractus* depend solely on the place at which the mere act of endorsing the notes occurred, whether they were actually or even constructively delivered in this state or not.

For the error in giving the last mentioned instruction, the motion for a new trial should have been sustained.

Wherefore, the judgment is reversed and the cause remanded for a new trial and other proceedings consistent with this opinion.

*R. Reid,* for appellant.
*Tenney,* for appellee.