## Clarey v. Union Central Life Insurance Co.

(Decided May 9, 1911.)

### Appeal from McCracken Circuit Court.

Contracts Made in Another State—Construction in this State—It is held in this State that in construing contracts made and to be performed in another state the law where the contract is made and to be performed, controls.

OLIVER & OLIVER for appellant.

HENDRICK & CRICE for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

On December 5, 1889, George E. Phillips, a resident of the State of Wisconsin, made application for a policy of insurance in the Union Central Life Insurance Co., through its local agent at Oshkosh in that State. This application was forwarded by the local agent to the home office of the company in Cincinnati, Ohio, and was accepted by the company and a policy issued according to the terms set out in the application, insuring the life of said Phillips for $2,000 for an annual premium of $58.18. At the request of the applicant, his wife, Laura B. Phillips, was named as the beneficiary therein. The policy was sent to the agent at Oshkosh, by him delivered to Phillips, and the first premium paid to said agent. Thereafter the insured and his wife removed to the State of Illinois, where they separated in 1891. Following their separation the insured moved to Paducah, Kentucky, where he resided until his death in 1906. In 1893 Phillips instituted a suit for divorce against his wife, Laura B. Phillips, and upon final hearing a decree was entered granting him an absolute divorce from her. In the course of time he married again, and his former wife, who continued to make Illinois her home, intermarried with one Clarey, and still resides in that State. After his separation and divorce from his wife the insured presented the policy to the company for its consent to an assignment by his former wife to himself of all her interest therein; and he later borrowed money on this policy from the company and pledged it as security.

The insured died May 17, 1906. His wife qualified as administratrix, and upon making proof of her husband's death collected the amount due on the policy, after deducting the amount of her husband's indebtedness to the company.

After the lapse of more than a year from the death of the insured, his former wife, Laura B. Clarey, instituted a suit in the McCracken Circuit Court against the insurance company, in which she sought to recover the amount of this policy, upon the theory that, as she was the named beneficiary therein, the company had no right to pay it to any one else. The company pleaded the facts, the separation from her husband, the assignment and transfer of her interest in the policy to him, and the settlement with his administratrix. It further pleaded the provision of the policy to the effect that no suit to recover under it should be brought after one year from the death of the insured, that the contract was entered into and to be performed in the State of Wisconsin, and that, under the laws of Wisconsin, where the contract was made, and the laws of the State of Ohio as well, where the policy was issued, such a condition is valid, binding and enforcible. The plaintiff traversed all of the material allegations of the answer, except that she admitted that under the laws of the States of Wisconsin and Ohio the clause in the contract, providing that no suit should be brought to recover under the policy after one year from the death of the insured, was a binding, legal and enforcible obligation. But she pleaded that, as the insured died in Kentucky, the contract should be construed according to the laws of this State, and not of the State where the contract was made or to be performed. Several issues of law and fact were made by the pleadings, and, upon motion, the case was transferred to equity and tried by the chancellor. Upon a full consideration he adjudged that the plaintiff was not entitled to recover and dismissed her suit. From that judgment she appeals.

It is stated in brief that the chancellor was of opinion that the clause in the contract denying the right of the plaintiff to maintain a suit on the contract after one year from the death of the insured was a binding and enforcible provision, and as the suit was not instituted within the year plaintiff could not maintain it. We will dispose of this question first.

There is no dispute whatever as to the fact. At the time the contract was entered into the plaintiff resided 'in Wisconsin, and the insurance company is an Ohio corporation. It is conceded that, under the laws of both Wisconsin and Ohio, the provision under consideration is a valid, binding and enforcible provision, so that, if this contract is to be controlled either by the laws of the State of Wisconsin, where it was made, or the laws of the State of Ohio, the residence of the insurance company, plaintiff lost any right that she had to maintain the suit by permitting more than a year to run before instituting same. On the other hand, if the contract is to be construed according to the laws of this State, where the insured died, then, under the rule announced by this court in Union Central Life Insurance Co. v. Spinks, 26 R., 1205, 119 Ky., 261, such provision can not be accepted as a bar to plaintiff's right to prosecute the suit, for the reason that, in the Spinks case, it was expressly held that such a provision was against the public policy of this State, and for that reason void. The contract in the Spinks case was controlled by the laws of this State for the reason that it was made and entered into in this State, Spinks being a resident of this State at the time. For the appellant it is insisted that, inasmuch as the insured had made Kentucky his home for several years prior to his death, and died here and his estate was administered here, the rule announced in the Spinks case must control. For appellee it is insisted that the contract must be controlled by the laws of the place where it was made and entered into or to be performed, and that, for the purpose of this case, it is immaterial whether it is controlled by the laws of the State of Wisconsin or the State of Ohio, and that it is entirely immaterial where the insured resided after the contract was made and entered into, or where he died and his estate was administered.

As a general rule a contract is governed and controlled by the laws of the place where it is made. In 9 Cyc., 582, it is stated that "the law of the place where the contract is entered into at the time of making same is as much a part of the contract as though it were expressed therein." Again, in 9 Cyc., 667, it is stated that, prima facie, the "proper law of the contract is presumed to be the law of the country where the contract is made (lex loci contractus) ; this presumption applies with spec-

ial force when the contract is to be performed wholly in the country where it is made, or may be performed anywhere, but it may apply to a contract partly or even wholly to be performed in another country. In other words, the proper law of a contract is the law of the place where it is made. This law governs * * * not only as to its execution, authentication, and construction, but also as to the legal obligation arising from it, and as to what is to be deemed a performance, satisfaction or discharge."

The decisions of this court are in harmony and accord with the principle thus announced, and in Ford v. Buckeye State Ins. Co., 6 Bush, 133, this court held where a contract made in Indiana was not enforcible under the laws of that State it would not be enforced in this State. And in Jameson v. Gregory's Ex'or., 61 Ky., 363, it was held that the legality of a contract must be decided by the laws of the State in which it was made. In Archer v. National Ins. Co., 2 Bush, 226, it was held that the validity and legality of a contract executed in Indiana must be determined by the laws of that State. In Young v. Harris, 14 B. Mon., 447, this court, through Chief Justice Marshall, said: "The general principle determining the law by which a contract is to be construed is, that unless the place appointed for its payment be different from that in which it is made, it is to be governed by the law of the place where it is made, which is the lex loci contractus." In Western Union Telegraph Co. v. Eubanks & Russell, 100 Ky., 591, it is said that "the general rule is that the law of the place where the contract is to be performed governs, subject, of course, to the rule that a contract which is void by the law of the place where made is void everywhere." And in Hyatt v. Bank of Kentucky, 8 Bush, 193, it was held, where a note was executed in Louisiana, that as between the maker of the note and the payee, its legal effect must be determined by the law of that State. It will thus be seen to be the law of this State, that in construing contracts made and to be performed in another State the law of the State where the contract is made and to be performed controls; but this law, like any other fact, must be proven. In the case at bar it is admitted in the pleading.

Applying the foregoing principles to the case under consideration, whether this contract is to be construed

and governed by the laws of the State of Wisconsin, where it was made, or the laws of the State of Ohio, where it is claimed it was to be performed, is wholly immaterial, for it certainly must be construed and the rights of the parties thereunder determined by the laws of one or the other of these States, and in either event the contention of appellee must be upheld.

As plaintiff had no right to prosecute the suit, it becomes unnecessary to pass upon the other questions raised.

Judgment affirmed.