## ·Western Life Indemnity Co. v. Rupp.

(Decided March 12, 1912.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, Second Division).

1. Process—Quashing Return Thereon.—No complaint having been made on the first appeal of the case as to the action of the court in refusing to ·quash the return on the process, the objection cannot be made ·on a second appeal where the case was considered on the first appeal on the merits.

2. Life Insurance—Interest in Policies.—A statute of Illinois providing that life insurance companies organized under the act shall not write policies payable to a beneficiary who has no insurable interest, has no extra territorial effect and does not apply to policies written in Kentucky.

BECKLEY & SCOTT, HENRY BURNETT and THOS. J. GRAY-DON for appellant.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

On September 7, 1907, the Western Indemnity Company issued to George McCormick two policies each insuring his life in the sum of $1,000, for the benefit of his nephew, Clarence Rupp, if living, otherwise for the benefit of his executors, in consideration of the sum of $54.76 to be paid annually. The premiums were paid during the life of McCormick and this suit was brought by Clarence Rupp against the company to recover on each policy. The company entered a motion to quash the process; the motion was overruled. It then filed a general and special demurrer to the petition. The general demurrer was ·sustained, and the petition dismissed. From this judgment an appeal was taken by Rupp to this court. On the appeal it was held that Rupp though having no insurable interest in the life of his uncle, could recover on the policy. The judgment was reversed and the cause remanded to the circuit court for further proceedings consistent with the opinion. (Rupp v. Western Life Indemnity Co., 138 Ky., 18.) On the return of the case to the circuit court, the defendant filed an answer to which the circuit court sustained a demurrer and the defendant failing to plea further, the court entered judgment in

favor of the plaintiff. The Indemnity Company appeals.

It is too late now to raise the question that the process was not properly served. This question should have been presented on the first appeal. On that appeal the case was heard here on the merits and it is too late after a reversal on the merits to raise any question as to the sufficiency of the process. (McDowell v. C., O. & S. W. R. R. Co., 90 Ky., 346; I. C. R. R. Co. v. Glover, 24 R., 1419.)

In the answer the defendant pleaded that it was a corporation formed under the laws of Illinois, and that by the statute of Illinois it was prohibited from issuing a policy upon a life in which the beneficiary had no insurable interest. The section of the statute relied on is in these words:

"No corporation doing business of life insurance under this act shall issue a certificate of policy upon the life of any person more than sixty-five years of age, excepting in case of transfer of policy holders as provided herein, nor upon a life in which the beneficiary named has no insurable interest. Any assignment of the policy or certificate to a person having no insurable interest in the insured life shall render such policy or certificate void."

The act referred to is entitled "An act to incorporate certain companies and to control such companies of this State and of other States doing business in this State * * * and fixing the punishment for violation of the provisions thereof." We have examined the act with care and find that it not only contains a scheme for the incorporation of these companies and their management and supervision by the State, but also provides how actions against them are to be tried. To whom a policy of insurance may be assigned when the policy has been issued in Kentucky and the assignment is made in Kentucky may be regulated by the laws of Kentucky. The statutes of one State ordinarily have no operation in another State. It is true that a corporation formed under the laws of one State has only the powers conferred upon it in the State of its origin, but when a foreign corporation is permitted by another State to come within it and make contracts, the State which thus gives its permission may regulate the validity of the contracts thus made. Upon an inspection of the whole act we are satisfied that the section above quoted was not intended

by the Legislature of Illinois to have an extra territorial effect. It was only intended to regulate the business done in Illinois. The act is a general one governing this character of business and evidently refers to business done in Illinois. When a company comes to Kentucky and issues policies in Kentucky, the validity of these Kentucky contracts must be determined by the laws of Kentucky under which the contracts were made. That this contract was valid under the laws of Kentucky was decided on the former appeal of this case.

When in a charter of an incorporated company restrictions are imposed as to the kind of business it may do, such limitations upon the power of the company ordinarily follow it wherever it goes, that is, when such a company comes into another State, it has only the powers which its charter confers. But that is not this case. The act in question is a general law regulating insurance companies and was evidently designed as a regulation of the business in the State of Illinois. It has no application to the business done in Kentucky. If this policy had been made payable simply to the executors of the insured and had afterward been assigned by him to his nephew, Clarence Rupp, it could hardly be maintained that the assignment being valid under the laws of Kentucky, could be held invalid because of the statute of Illinois, and this being so, it is hard to see why the policy might not be made payable in the first place to the nephew, Clarence Rupp.

Judgment affirmed.