## Cooper's Adm'r v. Lebus' Adm'rs.
(Decided Dec. 17, 1935.)

M. C. SWINFORD and HANSON PETERSON for appellant.

MILLER & MILLER, HUNT & BUSH and RUFUS LISLE for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

C. G. Cooper and Clarence Lebus, residents of Cynthiana, Ky., entered into two contracts; one dated November 24, 1925; the other July 30, 1927.

By the first, Lebus obligated himself "to make a room suitable for a restaurant, fifteen feet front by about fifty feet," and complete the same as soon as practicable, and to build a filling station, fifty feet by fifty feet, as per W. F. Humphrey's ideas and plans; Cooper "to do and have done all work running the same, including fuel, for one-half of the profits. All expenses to be paid out of the earnings," and one-half the balance left to be paid to Lebus "monthly as rent." Lebus reserved the right to employ some one at a reasonable price to assist in running the station, to be paid out of the business.

By the second contract Lebus rented to Cooper the "Talbott house" and "the Talbott yard and garden" at a rental of $100 per month, payable monthly from October 1, 1927, to January 1, 1928, and at the rate of $125 per month for 1928. The contract of 1927 contains this stipulation:

"First party can take out any time he sees fit not exceeding $10,000.00 life insurance on second par-

ty's life for first party's benefit the premiums to be paid by the first party, no part of which is to be charged to second party. Any insurance collected to go direcaly to the first party and the second party has no interest in same.''

Lebus performed his part of the contracts. Cooper was experienced in conducting a ''rooming house,'' restaurant, and filling station. He took possession of the property described in the contracts and engaged in the business of conducting a ''rooming house'' and a restaurant in the one and a filling station in the other, until April 1, 1929.

December, 1927, Lebus and Cooper went to the home office of the Union Central Life Insurance Company, Cincinnati, Ohio, where Cooper, for the purpose of carrying out his contract with Lebus respecting his obtaining insurance, signed and delivered to the insurance company an application for a policy on his life for $10,000. After his compliance with the requirements of the insurance company, the policy was issued at Cincinnati, Ohio, in his name, designating Lebus as the beneficiary. Lebus accepted it and paid the premium of $271.60, and paid the premiums thereafter as they annually matured, at Cincinnati to the insurance company, until the death of Cooper. At his death the insurance company paid the face of the policy to Lebus' estate, he having previously died.

This action was filed by Cooper's administrator against Lebus' estate to recover the sum paid it by the insurance company on the policy, with interest from June 8, 1934, less credit of $1,951.20.

Lebus' estate defended, insisting that the policy was a valid Ohio contract, and the rights of the parties thereunder are controlled by the law of that state, and it was entitled to the proceeds of the policy against the creditors and representative of Cooper's estate, under either the law of Ohio or Kentucky, or both.

Cooper's estate contends that Lebus' estate is without right to retain the proceeds of the policy in any amount, in excess of the former's indebtedness to the latter, which it alleged was $1,951.20.

It further insists that if any other than this view

be considered, then the policy in excess of this sum was and is a gambling and wagering contract, and therefore invalid and unenforceable.

Its ultimate insistence is that Lebus had no insurable interest in the life of Cooper, other than as a creditor, and when the latter's indebtedness is satisfied out of the proceeds of the policy, the excess belongs to his estate.

It is true that it is an established rule that an insurable interest on the part of the person taking out the policy is essential to its validity and enforceability. "A policy issued to a person without interest in the subject matter of the contract is a mere wager policy or contract having nothing in common with insurance except name and form, and is void and unenforcible on the ground of public policy. The fact that another person who has an insurable interest lends his consent to the transaction does not impart validity to it." 32 C. J. sec. 203, page 1109; Western & Southern Life Insurance Company v. Grimes' Adm'r, 138 Ky. 338, 128 S. W. 65. "It is a fundamental postulate of all insurance that it must not be a mere bet upon a future event. * * * In a sense every insurance contract is a wager, and it is void on this ground only when it is a mere bet or gaming venture. There cannot be either a gaming or wager policy, unless the parties mutually and knowingly consent to the gaming or wager." 32 C. J. sec. 200, page 1109. Accordingly, we have held that one who has no interest in the life of another can neither take out a policy of insurance on the life of the other, nor obtain one on his life by purchase, assignment, or otherwise. Settle v. Hill, 5 Ky. Law Rep. 691; Inter-Southern Life Ins. Co. v. Stephenson, 246 Ky. 694, 56 S. W. (2d) 332. To the same effect, see Finnie v. Alfred Walker (C. C. A.) 257 F. 698, 5 A. L. R. 831; Lee v. Mutual Life Ins. Co., 82 S. W.258, 26 Ky. Law Rep. 577, and cases cited; Baldwin v. Haydon, 70 S. W. 300, 24 Ky. Law Rep. 900; Basye v. Adams, 81 Ky. 368.

In Western Life Ins. Co. v. Rupp, 147 Ky. 489, 144 S. W. 743, the principle is stated that one obtaining a policy of insurance on the life of another who consents for another to take out a policy for his benefit, the latter must have an insurable interest. This case was affirmed by the Supreme Court of the United States. 235 U. S. 261, 35 S. Ct. 37, 59 L. Ed. 220.

In Metropolitan Life Ins. Co. v. Nelson, 170 Ky. 674, 186 S. W. 520, L. R. A. 1916 F, 457, Ann. Cas. 1918B, 1182, we stated the principle that one who has no insurable interest in the life of another cannot be the beneficiary in a policy issued on his life and cannot collect the insurance on his death. See Embry's Adm'r v. Harris, 107 Ky. 61, 52 S. W. 958, 21 Ky. Law Rep. 714; Milliken v. Haner (Milliken v. Metropolitan Life Ins. Co.), 184 Ky. 694, 697, 212 S. W. 605.

In Western & Southern Life Ins. Co. v. Nagel, 180 Ky. 476, 203 S. W. 192, it is declared that the payment of premiums on a life insurance policy by a beneficiary, who in fact has no insurable interest in the life of the insured, is ineffectual for any purpose. It is void. Inter-Southern Life Ins. Co. v. Stephenson, 246 Ky. 694, 56 S. W. (2d) 332. If we were to regard the policy under consideration as governed by these principles, such necessarily precludes Cooper's estate from a recovery herein.

The courts are agreed that it is not easy to define with precision what, in law, constitutes an insurable interest, so as to take the policy out of the class of wagering contracts. The generally accepted rule is,

"a person has an insurable interest in the subject matter insured where he has such relation or connection with, or concern in it, that he will derive pecuniary benefit or advantage from its preservation or will suffer pecuniary loss from its destruction, termination or injury by the happening of the event insured against, * * * A person has an insurable interest in the life of another, where he is a creditor or surety of the latter or otherwise has a pecuniary interest in the continuance of his life." "Whoever may be fairly said to have reasonable expectations of deriving pecuniary advantage from the presentation of the subject matter of insurance, whether that advantage inures to him personally or as a representative of the rights or interest of another, has an insurable interest."

Vol. 1, May on Insurance, sec. 80; Continental Fire Ins. Co. v. Brooks, 131 Ala. 614, 30 So. 876.

It is universally ruled that a firm, a partnership, has an insurable interest in the life of a member of the firm, or any employee, and a corporation has like

interest in its employee or officer, on whose services it depends for its prosperity and whose death will be the cause of a substantial loss to it. Murray, v. G. F. Higgins Co., 300 Pa. 341, 150 A. 629, 75 A. L. R. 1360 and annotation; Warnock v. Davis, 104 U. S. 775, 779, 26 L. Ed. 924; Connecticut M. L. Insurance Co. v. Luchs, 108 U. S. 498, 2 S. Ct. 949, 27 L. Ed. 800.

In Adams' Adm'r v. Reed, 38 S. W. 420, 422, 18 Ky. Law Rep. 858, 35 L. R. A. 692, we quoted with approval from Hoyt v. New York Life Insurance Company, 16 N. Y. Super. (3 Bosw.) 440, this statement:

"It is not necessary, in life insurance, that the one for whose benefit the life of another is insured should be a creditor of that other. It is enough that, in the ordinary course of events, loss or disadvantage will naturally and probably arise, to the party in whose favor the policy is written, from the death of the person whose life is insured."
Continuing, we said:

"Under this rule the partner may insure his copartner, or the employer the life of his employee; and in all cases where, from the relation the parties sustain towards each other, whether from near kindred or from a contractual relation, such policies have been upheld."

It should be admitted that the contractual obligations of Lebus and Cooper, as recited in the contracts supra, constituted an insurable interest of Lebus in the life of Cooper, within the principles enunciated in the above cases.

The policy of insurance was sought by Cooper and Lebus in the state of Ohio. It was issued on Cooper's written application, executed and delivered by him in that state, and the premium was paid by Lebus in that state, pursuant to the written contract of Lebus and Cooper. Plainly, its validity and enforceability are controlled by the law of Ohio. Clarey v. Union Central Life Ins. Co., 143 Ky. 540, 136 S. W. 1014, 33 L. R. A. (N. S.) 881; New Domain Oil & Gas Co. v. McKinney, 188 Ky. 183, 221 S. W. 245; Fry Bros. v. Theobold, 205 Ky. 146, 265 S. W. 498; Deins' Adm'r v. Gibbs, 257 Ky. 469, 78 S. W. (2d) 346.

Its procurement, execution, and delivery on the

facts presented, being neither prohibited by our statutes nor forbidden by public policy, it is therefore valid and enforceable in the courts of this state. Thomas v. Davis, 7 B. Mon. 227; Girt v. Western Union Telegraph Company, 45 S. C. 344, 23 S. E. 143, 55 Am. St. Rep. 763.

And in the absence of the law of Ohio, pleaded and proven (Chiles v. Howard Sheffer's Ex'rs, 146 Ky. 42, 141 S. W. 369), providing otherwise, the law of the forum governs the rights of the parties to the proceeds of the policy. Section 655, Kentucky Statutes, is applicable, and conclusive of their rights thereto. It in substance provides that when a policy is effected by a person in his name on his own life in favor of some person other than himself, having an insurable interest therein, such beneficiary or his legal representative shall be entitled to its proceeds against the creditors or legal representative of the person effecting the same. Neal's Adm'r v. Shirley's Adm'r, 137 Ky. 818, 127 S. W. 471; Hall v. Ayer's Guardian, 105 S. W. 911, 32 Ky. Law Rep. 288.

This statute intends to protect the proceeds of policies of the kind now under review against creditors and the legal representative of the assured, and this protection is extended by it no less to the legal representative of the beneficiary than to the beneficiary himself, and therefore it excludes the representative of the person effecting the insurance from any interest in the policy. See Buckler v. Supreme Council C. K. A., 143 Ky. 618, 136 S. W. 1006; Thompson v. Latimer, 209 Ky. 491, 273 S. W. 65. It protects Lebus' estate in its sole right to the proceeds of the policy against Cooper's without regard to its alleged indebtedness to it.

The judgment of the chancellor being in harmony herewith, it is affirmed.