## Webber v. Western & Southern Life Ins. Co. Roland et al. v. Gray.

May 13, 1949.

J. A. Edge for appellants.

Anthony W. Thomson for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

These consolidated actions involve the settlement of the estate of Grover C. Roland who died intestate in 1946. In spite of extensive plead'ngs and voluminous briefs, only two issues of significance are presented on this appeal and cross-appeal. They involve: (1) The title of Lillian Webber, hereinafter designated appellant, to certain real estate deeded jointly to her and the deceased, and (2) her right to the proceeds of two industrial insurance policies in which she was named beneficiary. The Chancellor entered judgment in appellant's favor with respect to the real estate and decided in favor of the administrator with respect to the insurance proceeds.

In 1937 deceased and his wife separated. In 1939 he went to board at the home of appellant and her husband, and lived there until his death. In 1942 two city lots were conveyed by third parties to the deceased and appellant jointly, with remainder in fee simple to the survivor.

The administrator in his petition alleged that appellant procured the conveyances as a joint owner with-

out valuable consideration and in fraud of deceased's creditors and his wife and son. An attempt was made to prove this allegation by showing deceased stated he owned the property and by evidence that there was some illicit relationship between appellant and deceased. Most of the testimony in the case consisted of statements made by the deceased to interested parties or to third parties out of the presence of appellant. This evidence was incompetent either under Section 606(2) of the Civil Code of Practice or as pure hearsay.

It is not necessary to discuss this proof in detail because if all of it was competent, the facts shown wholly failed to sustain the charge that appellant wrongfully acquired title to this real estate. On the other hand, competent evidence supported appellant's claim that she was a purchaser for value of her interest in this property. The Chancellor was amply justified in finding for appellant on this issue.

In 1939 and 1941 the deceased took out two industrial insurance policies which totalled $545. The proceeds of these policies have been paid into Court and the insurance company is no longer interested in the controversy. In 1941 appellant was designated the beneficiary in these policies. She testified in substance that at that time the policies were assigned to her, and since that date she paid all the premiums thereon.

Appellant was not related by blood or marriage to the deceased, nor was she a creditor when she became interested in the policies. She had no insurable interest in the deceased's life. Even though named as beneficiary, one without an insurable interest who pays the premiums or takes an assignment cannot collect the proceeds of an insurance policy on the life of another. See Hess' Adm'r v. Segenfelter, 127 Ky. 348, 105 S. W. 476, 14 L. R. A., N. S., 1172, 128 Am. St. Rep. 343; Cooper's Adm'r v. Lebus' Adm'rs, 262 Ky. 245, 90 S. W. 2d 33; and Newton v. Hicks' Adm'r, 282 Ky. 226, 138 S. W. 2d 329. An exception has been made in the case of industrial policies where the insurer retains an option in the policy to pay the proceeds to one equitably entitled thereto, and the option is exercised in good faith by making payment to one without an insurable interest. See Krumphorn v. John Hancock Mut. Life Ins. Co., 272 Ky. 719,

114 S. W. 2d 1125. That exception may not be invoked in this case because the policies did not provide for optional payment to one without an insurable interest, and even if they did so provide, the option was not exercised.

Appellant argues, however, that simply because she was a *married* woman, even though not married to the insured, she is entitled to the proceeds under the provisions of KRS 297.140. This section was obviously designed to protect the rights of any married woman against the claims of her husband or others *provided she was a lawful beneficiary.* It must be construed in the light of the established principle heretofore stated that a beneficiary paying the premiums of a policy on the life of another must have an insurable interest. Subsection 2 recognizes that she is entitled to this same protection where she is the beneficiary and pays the premiums, but only in those cases where her own husband is the insured. The statute does not provide that any married woman, regardless of insurable interest, may recover the proceeds of a policy taken out by her or assigned to her upon which she pays the premiums. It is, therefore, our conclusion that appellant was not entitled to the proceeds of these policies.

Wherefore, the judgment is affirmed on both the original and cross-appeals.