## Jones v. Jones

June 23, 1950.

E. D. Stephens, Judge.

O. A. Stump, P. K. Damron, for appellant.

Thurman L. Hibbitts and Francis M. Burke, **for appellee.**

JUDGE REES—Affirming.

William Jones and Josey Jones lived together from 1935 until 1942 when they were prosecuted and fined on account of the illicit relationship. They then procured a marriage license and lived together as husband and wife until December 27, 1947. On January 2, 1948, William Jones brought an action for divorce against Josey Jones on the grounds of adultery and habitual drunkenness. Josey Jones counterclaimed, and asked for a divorce on the ground of cruel and inhuman treatment. After a large amount of proof had been taken, it developed that Josey Jones had married one Clay Mullins in 1925; that Mullins was still living, and the parties had never been divorced. It also developed that Josey had married Johnny V. Mack in 1932, but it appears that Mack died before her bigamous marriage with Jones. She denied strenuously that she had ever married or lived with Mullins, but finally, when confronted with overwhelming proof of the marriage, admitted that she had lived with Mullins but said she had no recollection of the marriage and that if a marriage ceremony was performed she must have been drunk. After this development William Jones filed an amended petition setting out the facts and asking that he be adjudged the owner of a certain tract of land in Pike County, Kentucky, which had been conveyed to him and the defendant on June 19, 1943, by Walter P. Walters and wife, and that the defendant be directed to convey her interest in the land to him, and upon her failure to do so that the master commissioner be directed to execute and deliver a deed to the land to plaintiff. He alleged in the amended petition that the defendant falsely and fraudulently represented to him at the time of the marriage that she was an unmarried woman, and that he married her and lived with her in good faith until the date of their separation believing that she was his lawful wife; that he purchased and paid for the land and had it conveyed to him and the defendant believing at the time that he was lawfully married to her; that he filed a divorce and restoration of property action against the defendant believing that they were legally married, and continued to prosecute the action with this belief until March 20, 1948, when it developed that the defendant was still legally married to Clay Mullins. He alleged that the conveyance was in consideration of the marriage, and that the defendant

contributed no part of the purchase price. To the amended petition the defendant filed an answer which was a traverse. The master commissioner was directed to hear evidence on the issues made by the pleadings as amended, and to make a finding as to the rights of the parties in the land described in the amended petition. The commissioner found that the defendant was legally married to Clay Mullins when she married the plaintiff on March 27, 1942, and that her marriage to plaintiff was bigamous and void; that the plaintiff entered into the marriage in good faith believing that the defendant was a single woman, and continued to live with her until their separation in 1947 believing in good faith that he was legally married to her. He further found that the plaintiff paid all of the purchase price for the land described in the amended petition, and had it conveyed to him and the defendant believing her to be his wife. He recommended that a judgment be entered directing conveyance of defendant's one-half interest in the land to plaintiff. The defendant excepted to the master commissioner's report, her exceptions were overruled, and the court rendered a judgment, the material part of which reads: "It is further adjudged by the court that the defendant, Josey Jones, acquired title to a one-half undivided interest in said land by fraud and she is ordered and directed to execute and deliver to the plaintiff, William Jones, a one-half undivided interest in and to said land and upon her failure to do so on or before September 29, 1948, Sidney Trivette, Master Commissioner of this Court, is ordered and directed to execute and deliver to the plaintiff a deed for said land which will be approved by the court."

The defendant has appealed, and her chief ground for reversal of the judgment is that there can be no restoration of property under KRS 403.060 and section 425 of the Civil Code of Practice, where the wife has obtained the title for a valuable consideration. The above sections of the Statutes and Civil Code of Practice provide, in substance, that upon final judgment of divorce each party shall be restored all the property, not disposed of at the beginning of the action, that he or she obtained from or through the other before or during the marriage and in consideration of the marriage. Appellant overlooks the fact that the court found her marriage to appellee was bigamous and void, and no judgment of divorce

was entered. Consequently, there could be no restoration of property under the statutory and Code provisions relative to divorce proceedings. The judgment was based on the ground that the conveyance to appellant was obtained by fraud and without consideration. Appellant testified that she worked, mostly by the day as a domestic and laundress, during the time she and appellee lived together; that she turned over to appellee some of her earnings which she understood he was depositing in the bank to their joint account; and that she believed her money paid for one-half of the purchase price of the real estate in question. The appellee denied that appellant ever gave him any of her earnings or that she contributed any money to the purchase of the real estate for which he paid $1,800, and which consisted of a house and lot on Lower Chloe Creek near the City of Pikeville. Appellant and appellee lived at Wheelwright, Kentucky, for several years where he worked as a coal miner. His income tax returns for the years 1939 to 1945, inclusive, and the biweekly statements of account of his employer were introduced and they established that his earnings ranged from about $1,100 to more than $2,000 annually. After he purchased the house and lot near Pikeville he quit working as a coal miner and engaged in the trucking business. He testified that his earnings in that business were $3,000 a year. The evidence as to appellant's earnings is indefinite.

It would serve no useful purpose to analyze the great mass of testimony, much of it irrelevant, but in the main it supports the master commissioner's finding of fact and the judgment of the court. It follows that the finding of the commissioner approved by the court should not be disturbed. Chenault v. Southern Trust Company, 245 Ky. 305, 53 S. W. 2d 369. In Williams v. Denny, 238 Ky. 662, 38 S. W. 2d 668, 670, the master commissioner made a finding of fact and his finding was confirmed by the circuit court. This court said: ''There was evidence to justify the finding. In such circumstances this court will not disturb the result reached by the commissioner and the court in the absence of a clear conviction that an error has been committed.''

Counsel for appellant seem to be of the opinion that appellant having lived with appellee for many years as his wife, though her marriage was bigamous, is entitled to some relief. A woman who enters into a bigamous

marriage is not entitled to any of the benefits ordinarily accruing to a wife who obtains a divorce from her husband. Rose v. Rose, 274 Ky. 208, 118 S. W. 2d 529.

Judgment is affirmed.