Willis **WILLIAMS**, Appellant,

v.

Ardel **PAYNE**, Administrator of the Estate of Margaret Starks, Deceased, and Ardel Payne, Individually, Appellee.

Court of Appeals of Kentucky.

Nov. 8, 1974.

Roy L. Steers, Franklin, for appellant.

W. Currie Milliken, Milliken & Milliken, Bowling Green, for appellee.

ROBERT O. LUKOWSKY, Special Commissioner.

This is an appeal from a judgment entered by the Simpson Circuit Court on a directed verdict dismissing the claims of the Plaintiff-Appellant for services and monetary advances against the estate of his deceased paramour, with whom he had lived as "de facto" husband for many years immediately preceding her death.

The judgment was entered on June 25, 1971. The notice of appeal was filed on July 16, 1971. A motion for extension of time to file the record in the Court of Appeals was filed in the Circuit Court on August 25, 1971. The same day the Circuit Court entered an order extending the time within which the record might be filed in the Court of Appeals to "60 days from July 25, 1971", which would have been Thursday, September 23, 1971, "or to and including September 25, 1971", a Saturday. No further extension was granted either by the Circuit Court or by this Court. The record was filed in the office of the Clerk of the Court of Appeals on Tuesday, September 28, 1971. The Defendant-Appellee has not moved to dismiss the appeal because of this late filing. CR 73.08.

An examination of the record discloses that the judgment in this case is not a final judgment in that it dismisses the complaint of the Plaintiff-Appellant but does not dispose of the counterclaim of the Defendant-Appellee. A further examination of the trial record discloses that once the Circuit Court announced its intention to sustain the motion for a directed verdict the Defendant-Appellee stated through counsel that he dismissed his counterclaim, but this is not confirmed by any order. The Defendant-Appellee has not moved to dismiss the appeal on the basis that the judgment from which it is taken is not a final order. CR 54.01.

■ In recent years we have been lenient and not dismissed appeals "sua sponte" for reasons such as these. Bardill v. Bird Well Surveys, Ky., 310 S.W.2d 265 (1958); Chittum v. Abell, Ky., 485 S.W.2d 231 (1972). The "law explosion" will no longer permit us to be so indulgent. Sound principles of judicial administration compel us to recognize that rules are to be obeyed and time limits observed. United Mine Workers of America, Dist. No. 23 v. Morris, Ky., 307 S.W.2d 763 (1957). In that case we stated that judicial administration is dependent upon procedural rules for the orderly and effective functioning of this Court and for providing citizens with the equal protection of the law.

■■ In any event the appeal is without merit. The Plaintiff-Appellant submits that the Circuit Court erred in excluding testimony in three instances. In the instances of the witnesses, Anderson and Hogan, the Plaintiff-Appellant failed to make an avowal after the objection was sustained. Consequently, we do not know what these witnesses would have said and whether or not it would have added to the Plaintiff-Appellant's case. We will not presume that it would. Clay, Ky. Practice, 3rd Ed., Civil Rule 43.10, Comment 2, n. 3. In the instance of the witness, Anthony, despite the fact that the objection was sustained, the Plaintiff-Appellant continued with his course of questioning the witness and established that this witness had no knowledge of the subject of inquiry. The record does not disclose any error here prejudicial to the substantial rights of the Plaintiff-Appellant. Clay, Ky. Practice, 3rd Ed., Civil Rule 61.01, Comment 2, n. 1 and 2.

■ The Plaintiff-Appellant's other submission is that the Circuit Court erred in sustaining the Defendant-Appellee's motion for a directed verdict. Inasmuch as the Plaintiff-Appellant and the deceased knowingly established a domestic relationship, the personal services and monetary advances made by the Plaintiff-Appellant to

the deceased were to be expected under such circumstances and the law will not imply a promise to pay on the part of the deceased. McDonald v. Fleming, 51 Ky. 285, 286, 287 (1851); Sackstaeder v. Kast, 31 Ky.L. Reptr. 1304, 105 S.W. 435 (1907); Oliver v. Gardner, 192 Ky. 89, 232 S.W. 418, 419 (1921); Jones v. Jones, 313 Ky. 367, 231 S.W.2d 15, 18 (1950); Anno. 7 A.L.R.2d 8, 137 (1949).

■■ In order to be entitled to monetary recovery against the estate of the deceased for personal services and monetary advances, the Plaintiff-Appellant was required to show an agreement, express or implied, with the deceased to compensate him for such services and advances. Oliver v. Gardner, supra; Anno. 31 A.L.R. 2d 1255, 1286 (1953). Since his paramour is dead, the Plaintiff-Appellant could not testify for himself as to whether there was an agreement with the deceased whereby he was to be compensated for his personal services and monetary advances, he, therefore, had the burden of establishing by disinterested witnesses that there was such an agreement with the deceased. Barnett v. Barnett, 283 Ky. 710, 142 S.W.2d 975, 977 (1940); Webber v. Western & Southern Life Ins. Co., 310 Ky. 280, 220 S.W.2d 584, 585 (1949); Finn v. Finn's Adm'r., Ky., 244 S.W.2d 435, 437, 438 (1951); Veluzat v. Janes, Ky., 462 S.W.2d 194, 196, 197 (1970); K.R.S. 421.210(2). This he failed to do.

■ A thorough examination of the trial record fails to disclose substantial evidence of probative value which would support a verdict in favor of the Plaintiff-Appellant. Clay, Ky. Prac., 3rd Ed., Civil Rule 50.01, Comment 4, n. 6, 7 and 8. It may be said that the case was interred by the "dead man's statute."

Consequently, the appeal is dismissed and the judgment of the Simpson Circuit Court stands affirmed.

All concur.