## Western & Southern Life Insurance Company v. Nagel, Administrator of the Estate of James P. Weesner.

(Decided May 10, 1918.)

### Appeal from Campbell Circuit Court.

1. Insurance—Insurable Interest—Divorce.—A wife who is named beneficiary in a policy of insurance on the life of her husband and who obtains a divorce from him, can not thereafter keep the policy alive by paying the annual premiums thereon, because she has no insurable interest in the life of her divorced husband.

2. Insurance—Insurable Interest—Public Policy.—It is against public policy for one not having an insurable interest in the life of another to be allowed to carry or enforce a policy of insurance upon the life of such other.

3. Insurance—Insurable Interest—Persons Living as Man and Wife.—Where a man and woman live together as man and wife though not married, they have an insurable interest in the life of each other so long as the relation continues, but the instant the relation ceases the insurable interest terminates.

A. M. CALDWELL for appellant.

JUDSON A. SHUEY and L. J. CRAWFORD for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

A wife who is named beneficiary in a policy of insurance on the life of her husband, and who obtains

a divorce from him, can not thereafter keep the policy alive by paying the annual premiums thereon, because she has no insurable interest in the life of her divorced husband. Western & Southern Life Insurance Company v. Webster, 177 Ky. 444; Western & Southern Life Insurance Co. v. Grims' Admr., 138 Ky. 338; Shauberger v. Morel's Admr., 168 Ky. 368.

This rule applies to the nominal wife as well as to one lawfully married and afterwards divorced. In the case under consideration Carrie Weesner, now Webster, was not the lawful wife of Weesner at the time he abandoned her, because at that time Weesner had a living wife from whom he was not divorced. But in this character of case the relation which the parties sustained to each other is that which alone gives each an insurable interest in the other, and it therefore follows the instant this relation is severed, whether by divorce or abandonment, the insurable interest is terminated.

It is admitted that on the 29th of January, 1907, the appellant company issued to James P. Weesner a policy of life insurance whereby it undertook to and did insure the life of Weesner in the sum of one thousand dollars, and the policy was to remain in full force as long as the premiums thereon were paid and at the death of Weesner to pay to his nominal wife, Carrie Weesner, the said sum upon proper proof of the death of the insured. On January 7, 1909, Carrie Weesner obtained a divorce from her husband, the insured, but she had paid and continued to pay the annual premiums due upon the policy issued upon the life of Weesner in which she was beneficiary. These premiums were promptly paid by her up to March 29, 1915. The insured on March 22, 1908, unexpectedly abandoned his wife and home and went out of the state of Kentucky and did not return, and for more than seven successive years was not heard of or from. After the expiration of the seven years period upon which the presumption of the death of Weesner arose, his divorced wife, who has since married a man by the name of Webster, instituted an action in the Campbell circuit court to recover on the policy of insurance, alleging she had paid all the premiums and that her former husband had died on or before the 22nd of March, 1915. In the lower court she recovered judgment for the full amount of the policy. From that judgment the company appealed to

this court and a reversal was had, the opinion holding
that the divorced wife did not have an insurable inter-
est in the life of Weesner, and she therefore could not,
by continuing the payment of premiums, keep the con-
tract of insurance in force. See The Western & Southern
Life Insurance Co. v. Webster, *supra*. It was held, how-
ever, in that case that the wife who had paid the pre-
miums was entitled to recover the sum thus paid with
interest, and this amount was on the return of the case
to the lower court adjudged to her and paid.

The administrator of Weesner conceiving that the
estate of Weesner was entitled to recover on the policy
of insurance instituted this action, and on a hearing
in the lower court recovered a verdict for seven hundred
twenty-nine dollars and ninety cents, and the company
again appeals. The status of this case is briefly this:
Weesner's death is presumed by reason of his continued
absence for seven years unheard of, but this presump-
tion arises only at the end of the seven year period and
does not relate back to the time of his disappearance.
He disappeared in 1908. Weesner paid no premiums
upon the policy but his divorced wife, or rather his
nominal wife, undertook to pay them for him to keep
the contract in force, but this she could not do because
she had no insurable interest in his life, and the law
forbids one not in such relation to carry or enforce an
insurance policy upon the life of another. The premiums
thus paid by the nominal wife were ineffectual for any
purpose. Afterwards she recovered back the entire
amount she paid for the premiums with interest, thus
leaving nothing in the hands of the insurance company
with which to satisfy the premiums upon the policy
for eight years. By a clause in the policy of insurance
it is provided that in case of failure to pay the premiums,
as in the contract provided, the policy should lapse and
become of no force or effect, and this provision of the
policy is relied upon to defeat a recovery here. Since
the premiums were not paid for more than eight years be-
fore the commencement of this action by the administra-
tor, it follows that the policy had by its terms lapsed
and there was nothing due the estate of Weesner under
the contract.

For these reasons the judgment is reversed with
directions to dismiss the petition.