## Commonwealth Life Ins. Co. v. Wood's Adm'x.

(Decided March 17, 1936).

JOSEPH P. GOODENOUGH for appellant.

CHARLES E. LESTER, JR. for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

In May, 1918, the Commonwealth Life Insurance Company, hereinafter called the defendant, issued a policy of insurance on the life of Charles M. Woods, in the sum of $200, and Blanche Woods, hereinafter called the plaintiff, the stepmother of Charles M. Woods, was named beneficiary therein.

In August, 1932, the plaintiff, as beneficiary of the policy, brought suit in the quarterly court of Campbell county to recover on the policy upon the ground that the insured was presumed to be dead as provided in section 1639, Kentucky Statutes. She alleged that the insured was a resident of Kenton county, Ky., and on January 25, 1919, he left the state of Kentucky and had never returned to the state, and the last time she heard from or of him was by a letter written by him in March, 1922, which letter was mailed at Boston, Mass., more than seven years previous to the institution of her action. She prayed that the insured be declared dead in law, and for judgment against the defendant in the sum of $200.

Thereafter she filed her amended petition alleging that she had been appointed and qualified as administratrix of the estate of the insured, presumably deceased, and prosecuted her action in that capacity.

The defendant filed its answer in which it admitted the issuance of the policy and denied that the insured was dead, and denied that it was indebted to the plaintiff as administratrix of the estate of insured or otherwise under the policy, and alleged that the plaintiff, who was the stepmother of the insured, had no insurable interest as beneficiary in said policy; that it had been paid the sum of $83.73 as premiums of said policy, which sum it tendered and offered to pay to the plaintiff, and denied any other liability thereon.

A trial was had in the quarterly court and resulted in a verdict and judgment thereon in favor of the

plaintiff for the sum sued for, and defendant appealed from that judgment to the circuit court.

The case was tried de novo in the circuit court and again resulted in a judgment in favor of plaintiff for the sum sued for, and the defendant has prayed an appeal to this court.

It is insisted for defendant that if a presumption of death of the insured was created by the evidence of the plaintiff, such presumption was overcome by the evidence produced for defendant, and the court should have sustained its motion for a directed verdict in its favor.

Plaintiff testified that the insured, who was her stepson, joined the Navy in 1919 and she heard from him occasionally until March, 1922, at which time he was in Boston, Mass. She said that she had made efforts to locate him through police stations and through letters sent to her by his girl friend and also advertised over the radio. She said that if any one of his relatives or friends had seen him or heard from him they had kept it a secret from her and had told her nothing about it, and she made inquiries about him of everybody she ever knew. No other witness was introduced in behalf of plaintiff, and her testimony as indicated above is all that was offered to establish the death, or presumptive death, of the insured.

Ellen Dowden, 82 years of age, the mother of the plaintiff, testified that she lived in Newport, Ky., and that she knew the insured, Charles M. Woods, and she saw him at the home of George Dowden, her son, in Frankfort, Ky., in the summer of 1932. At that time she was living with her daughter, Lilly May Dowden, at Latonia, Ky., and went to Louisville to visit another daughter, and from Louisville to Frankfort to visit her son. The plaintiff was recalled in rebuttal to the testimony of her mother in regard to being in Frankfort in the summer of 1932, and when asked if her mother went to Frankfort in the year 1932, and while she was living with her, she said she did not think she did; that she had had a lot of sickness, and that if she went to Frankfort in the summer of 1932, she did not recall it; but she finally said that her mother did not leave her home that year. However, the evidence of Lilly May

Dowden contradicts that of the plaintiff, and also corroborates their mother, Ellen Dowden. This witness testified that her mother came to her home at Latonia, Ky., in August, 1932, to live with her, and went to Louisville, Ky., to visit another daughter who lived there, and from Louisville to Frankfort, to visit her son, George Dowden. She said she did not go to Frankfort with her mother, but her mother said she went to Frankfort, and she sent money to Frankfort to her to come home on. It is insisted that her mother's statement that she went to Frankfort was mere hearsay and not competent. It may be conceded that this statement of itself was not competent, but the fact that the witness sent money to her mother at Frankfort is a circumstance tending to show that her mother was in Frankfort; otherwise she would not have sent the money there. The evidence of plaintiff's mother, Ellen Dowden, and her sister, Lilly May Dowden, is not contradicted, except that the plaintiff, after being repeatedly asked if her mother went to Frankfort in the summer of 1932, finally said that she did not leave her home that year. But in response to previous questions before making that statement, she indicated that her memory was not clear on that point.

If it be conceded that plaintiff's evidence was sufficient to create the presumption that the insured was dead, we think such presumption was overcome by the evidence of plaintiff's mother and sister.

The conclusion we have reached is not inconsistent with the rule that if the evidence of absence is sufficient under the statute or common-law rule to raise a presumption of death, the burden of proof then shifts, and where there is circumstantial evidence only tending to rebut a presumption, a question is made for the jury. But where witnesses, who could not have been mistaken as to the identity of the absentee, testify that they saw him within the seven-year period, such positive and unequivocal evidence is sufficient to overcome the presumpton raised from the mere absence of a person. Columbia Life Insurance Co. v. Perry's Adm'x, 252 Ky. 793, 68 S. W. (2d) 393. In the present case, like the Perry Case, supra, we have the direct positive testimony of Ellen Dowden that she saw the insured within the seven-year period of his alleged

absence, and in this she is strongly corroborated by the evidence of Lilly May Dowden.

And a further reason why plaintiff is not entitled to a recovery under the policy in question is that the relation of stepmother and stepson did not create an insurable interest of plaintiff in the life of the insured. Western & Southern Life Ins. Co. x. Nagel, 180 Ky. 476, 203 S. W. 192; Equitable Life Assur. Soc. v. O'Connor's Adm'r, 162 Ky. 262, 172 S. W. 496; O'Connor's Adm'r v. Equitable Life Assur. Soc., 170 Ky. 715, 186 S. W. 502; Bush v. Victory Industrial Life Ins. Co. (La. App.) 165 So. 486, decided Jan. 27, 1936. Without comment or elaboration upon the cases supra, it is sufficient to say that the facts and questions of law involved therein are similar to the ones here involved and are applicable thereto.

However, plaintiff attempted to show an insurable interest in the life of the insured because of his alleged indebtedness to her, previous to and at the time of the issuance of the policy. She testified that he was indebted to her in the sum of approximately $300, which was in excess of the face of the policy. Very clearly her testimony on that subject was incompetent under section 606, Civil Code of Practice. She did not offer to prove the alleged indebtedness by any witness or other evidence except that of her own testimony, and such testimony being incompetent, there was a total failure to establish such indebtedness. Her testimony on that point was objected to by counsel of plaintiff and the objections were overruled by the court. The court should have sustained the objections. In these circumstances the policy was void ab initio, and plaintiff is entitled only to the premiums paid by her on the policy, which sum defendant tendered and offered to pay.

It is our conclusion, therefore, that the court should have sustained plaintiff's motion for a directed verdict in its favor.

The motion for an appeal is sustained and granted, and the judgment is reversed and remanded for proceedings consistent with this opinion.