## MUTUAL LIFE INS. CO. OF NEW YORK v. BURGESS.

### No. 14547.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 17, 1943.

Rehearing Denied Oct. 15, 1943.

Locke, Locke, Dyer & Purnell and McGillivray Muse, all of Dallas, for appellant.

Benson & Benson, of Bowie, for appellee.

McDONALD, Chief Justice.

This is a suit upon a policy of life insurance. Plaintiff relies upon a presumption of death of the insured arising from seven years' absence. Trial was to the court without a jury, resulting in a judgment for plaintiff, from which defendant has appealed.

Defendant first contends that plaintiff failed to make a sufficient showing to raise a presumption of death. In view of what we shall next say, we shall not undertake a determination of this question.

■ Assuming, for the sake of argument, that plaintiff made a prima facie showing of death by reason of seven years absence, we are of opinion, and so hold, that the uncontradicted evidence shows that the insured was alive in the years 1940 and 1941, and that the presumption, if one was established, has been overcome as a matter of law.

The insured at one time lived in the town of Carter, Oklahoma, a community of some six hundred inhabitants, and was there engaged in the operation of a mercantile establishment. Later he moved to Fort Worth, Texas. The contention of plaintiff is that the insured left Fort Worth in the year 1934, and that he has not been heard from since. Defendant introduced the testimony of four witnesses, in the form of depositions taken upon written interrogatories. All four of the witnesses were residents of Carter, Oklahoma, during at least some of the time the insured was in business there. All testified that they had known the insured in Carter, and each of them testified to having seen and talked to him in the City of Los Angeles, California. Two of them saw the insured in Los Angeles in the year 1940, one of the witnesses saw him in Los Angeles in the year 1940, and again in 1941, and the other witness saw him in Los Angeles in 1941.

All of the witnesses testified clearly and in detail concerning their respective meetings with the insured; each of them talked to the insured, one of them for about an hour; each of them talked with the insured about people and events in Carter, Oklahoma; they testified that the insured did not conceal his identity; each of them knew the insured well, and all gave the same physical description of him, all referring to a peculiar condition of the neck which was a distinguishing physical characteristic of the insured, and which condition they observed to be approximately the same as when he lived in Carter; and each of the witnesses identified a photograph of the insured, which was submitted to them and which was introduced in evidence, as being a photograph of the man they had known in Carter and had later seen in Los Angeles. Each of the witnesses gave a plausible explanation for his presence in Los Angeles, and each fixed the date of seeing the insured in a plausible manner. Without detailing with more particularity the testimony of these four witnesses, we are of opinion that reasonable minds could not differ, in view of the complete absence of any evidence or any circumstance in the case tending to discredit their testimony, upon the fact that these four witnesses actually saw the insured, and identified him and talked to him, in the City of Los Angeles during the period of 1940 and 1941. Plaintiff's only attack upon the testimony of the four witnesses is a suggestion in his brief to the effect that it is exceedingly strange how the insurance company was able to find these four witnesses among several hundred thousand people and produce their testimony in court, that other questions were not asked the witnesses concerning their meetings with the insured, and that the defendant did not take the deposition of the wife of one of the witnesses, who from the testimony may have been present at the meeting of her husband with the insured. It is useless to speculate here concerning the manner in which the defendant located the four witnesses. In reply to the same contention made at the oral argument of the case, counsel for the defendant suggested that perhaps an investigator went to the town of Carter, found one of the residents who had seen the insured in Los Angeles, and pursued his inquiries from that point. We do not consider it a suspicious circumstance that the deposition of the wife of one of the witnesses was not taken. Nor do we consider it material that more questions were not propounded to the witnesses, especially in view of the fact that plaintiff did not propound cross-interrogatories to any of the witnesses.

■ It is too well settled to require citation of authorities that the presumption of death arising from an absence of seven years is a rebuttable one. Plaintiff argues, however, that the presumption, or rather,

the facts which give rise to the presumption, constitute evidence enough to support the finding of death, by the court or jury, regardless of what proof might be offered to the contrary. The only authority cited by plaintiff is Southland Life Ins. Co. v. Greenwade, 138 Tex. 450, 159 S.W.2d 854. While the cited case is not one involving the presumption of death, it is one of the latest pronouncements of the Texas Supreme Court concerning the weight to be given to presumptions of fact, or inferences, or whatever they may be called. (See page 857 of the opinion reported in 159 S.W.2d.) As we read the opinion, it is against, rather than for, plaintiff's contentions. We quote from the opinion [159 S.W.2d 858]: "We hold that an inference established prima facie (as in the present case) is overcome, together with the evidentiary facts tending to establish it, only when the evidence tending to support the contrary inference is conclusive, or so clear, positive and disinterested that it would be unreasonable not to give effect to it as conclusive."

The opinion also quotes from Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 114 S.W.2d 226, 136 S.W.2d 207, as follows: "prima facie evidence and presumptions of fact disappear when the true facts are conclusively shown by other evidence."

After further discussion, the opinion states: "In other words, presumptions, when controverted by facts, disappear, as such, and cannot be weighed as evidence against such facts."

The testimony of the four witnesses who saw the insured meets all the tests prescribed by the Southland case. It is uncontradicted, it is disinterested, it is clear and positive, and it would be unreasonable not to give effect to it as conclusive.

While we have been cited to no Texas case, and have found none, in which the proof has been held such as to dispel conclusively the presumption of death as a matter of law, there are many authorities from other jurisdictions which support our holding in this case. The rule is thus stated in 25 C.J.S., Death, § 7, p. 1063: "The presumption is rebutted as a matter of law by positive proof that the absentee is alive, or by unimpeached evidence that the absentee was alive during the past seven years." See also National Life & Accident Insurance Co. v. Hankerson, 49 Ga.App. 350, 175 S.E. 590; Lemire v. National Life

Association, 194 Iowa 1245, 191 N.W. 67; Columbia Life Ins. Co. v. Perry's Administratrix, 252 Ky. 793, 68 S.W.2d 393; Heath v. Salisbury Home Telephone Co., Mo.App., 27 S.W.2d 31; Commonwealth Life Ins. Co. v. Woods, 263 Ky. 361, 92 S.W.2d 351.

What has been said renders it unnecessary to pass upon other questions presented by the parties.

The judgment of the trial court is reversed, and judgment is here rendered for the defendant.