Belknap
No. 5416.

Laconia

*v.*

Philip H. Gordon, d/b/a Gordon Brothers.

Argued March 1, 1966.
Decided May 31, 1966.

*James W. Doherty* and *David R. Decker* (*Mr. Decker* orally) for the plaintiff.

*Nighswander, Lord, Bownes & Martin* (*Mr. Hugh Bownes* orally) for the defendant.

Wheeler, J. Action in assumpsit brought under RSA ch. 321 to recover from the defendants a license fee under RSA 321:13.

The parties stipulated as to the material facts.

"The defendant is a partnership with its office and principal place of business in Boston, Massachusetts. The defendant is in the business of purchasing and selling goods and merchandise at auctions and forced sales.

"On January 25, 1965, the defendant purchased from the Mechanicks National Bank of Concord, New Hampshire, the stock-in-trade owned by Lee-Sterling, Inc., said stock-in-trade

being located on the premises of Lee-Sterling, Inc. on Maine Street, Laconia, New Hampshire. The Mechanicks National Bank sold said stock-in-trade pursuant to a factor's lien agreement with Lee-Sterling, Inc. that the Mechanicks National Bank alleged was in default. The total price that the defendant paid for the stock-in-trade so purchased from the Mechanicks National Bank was $46,000.00.

"Lee-Sterling, Inc. had been taxed by the City of Laconia on the stock-in-trade sold by the Mechanicks National Bank of Concord to the defendant. This tax was made pursuant to the stock-in-trade tax provisions of the State of New Hampshire. The amount of the tax was $1,398.00. The tax was not paid by Lee-Sterling, Inc. Lee-Sterling, Inc. filed bankruptcy proceedings on January 13, 1965.

"On February 2, 1965, the defendant paid to the Secretary of State of New Hampshire for an itinerant vendor's license the sum of $50.00 and also deposited with the Secretary of State the sum of $500.00 as required by Chapter 321, R.S.A., Section 4.

"Section 13 of Chapter 321 R.S.A. provides as follows: 'The tax collector for any town, upon receiving an application as provided in the preceding section, shall forthwith give notice thereof to the assessors, who shall, as soon as practicable, examine the goods described in such application, and shall compute and certify to the collector the amount of the applicant's local license fee for such intended sale, which shall be three per cent of the value of said goods.'

"The question to be transferred and referred is whether or not the defendant is liable for the three per cent tax since the goods were already taxed under the stock-in-trade tax of the State and, if the three per cent tax is applicable, what meaning is to be given to the words 'value of said goods'."

All questions of law raised by the above agreed statement of facts were reserved and transferred by *Griffith*, J.

RSA ch. 321 provides that every itinerant vendor (as defined in section 1 thereof) intending to sell goods in any town shall file his state license (*s.* 4) and " an application for a local license with the tax collector for such town, and . . . shall pay to the collector, for the use of the town, as a local license fee for such sale in such town, a sum to be computed . . . as herein provided" (*s.* 11). "The tax collector . . . upon receiving [such an] application . . . shall forthwith give notice thereof to the assessors, who

shall . . . examine the goods described in such application, and shall compute and certify to the collector the amount of the applicant's license fee for such intended sale, which shall be three per cent of the value of said goods." *S.* 13.

To be valid charges made as license fees must bear a relation to and approximate the expense of issuing the licenses and of inspecting and regulating the business licensed. *Marine Corps League* v. *Benoit,* 96 N. H. 423, 426. While such fees are not invalid merely because some surplus revenue is produced they must be incidental to regulation and not primarily for the purpose of producing revenue. *Opinion of the Justices,* 98 N. H. 527, 529. The nature and validity of any such measure must be determined by its essential characteristics. *Id., 528.*

RSA 321:13 provides that the assessors are to examine the goods of the licensee, ascertain their value and fix the fee at three per cent thereof. We fail to see any relation between the amount of $1,398 thus arrived at in this case and the probable expense of issuing a license and regulating this type of business. The apparent purpose of this act is to prevent such an operator from escaping taxation for the stock which he has for sale in that city. See *Bi-Rite Inc.* v. *Concord,* 101 N. H. 291, 293. In essence this statute produces a tax on the value of such personal estate owned in Laconia by the licensee. We hold that this constitutes a revenue measure and cannot be upheld as a license fee. *Marine Corps League* v. *Benoit, supra.*

Being an ad valorem tax on "estates" ( Const., Pt. II, *Art.* 5th ) it must be proportional and reasonable. Consequently, the same standard of values and the same rate of taxation must be applied in fixing the amount to be paid as are used in taxing other such properties. *Bemis & Bag Co.* v. *Claremont,* 98 N. H. 446, 450; *Opinion of the Justices,* 106 N. H. 202, 205. As the rate provided for in RSA 321:13 is not the same as that for such other property of the same type in the city of Laconia it is invalid as a tax and the answer to the transferred question is "No."

This decision is limited to the method of computing local license fees as provided in RSA 321:11-13.

The result reached renders unnecessary the consideration of other issues raised by the parties.

*Remanded.*

LAMPRON, J., did not sit; the others concurred.