Merrimack,
No. 6072.

Hooksett Drive-In Theatre, Inc.

*v.*

Hooksett.

June 2, 1970.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *W. Wright Danenbarger* ( *Mr. Danenbarger* orally ), for the plaintiff.

*Perkins, Perkins & Douglas* ( *Mr. Harold W. Perkins, II*, orally ), for the defendant.

LAMPRON, J. Petition for a declaratory judgment that an ordinance adopted by the town of Hooksett on March 10, 1970 imposing a fee of $500 for each showing of a motion picture rated " X " in any open-air motion picture theatre within the limits of the town be declared invalid, null and void, and seeking a temporary restraining order against its enforcement.

The Trial Court ( *Flynn*, J. ) reserved and transferred, without ruling, all questions of law raised by the pleadings including also an agreed statement of facts and an offer of proof made by the plaintiff.

The question presented for decision by this court is not whether the ordinance is good for the morals of the community but whether it is a valid exercise of the legislative powers of the town of Hooksett.

" It is a long established principle under our law that towns are but subdivisions of the State and have only the powers the State grants to them. " *Exeter* v. *Kenick*, 104 N.H. 168, 170, 181 A.2d 638, 640; *Bisson* v. *Milford*, 109 N.H. 287, 288, 249 A.2d 688, 689. The town bases its authority to enact this ordinance on RSA 31:41 which reads, in part, as follows: " Open-Air Motion Picture Theatres. Towns shall have the power to make by-laws relating to the regulation and licensing of open-air motion picture theatres within the limits of the town, and may fix reasonable fees for the operation of said theatres, and may enforce the observance of such by-laws by suitable penalties not exceeding twenty-five dollars for each offense . . . . "

" [ T ]here is a sharp distinction between a municipal license for revenue and one for regulation under police power: the first named is a tax and is to be construed under the principles and rules governing taxing powers, while the latter is under the police power, looking toward the health, morals, safety, or general welfare of the community. " 38 Am. Jur. Municipal Corporations *s*. 321. The touchstone as to whether a statute grants towns power to tax or raise revenue or merely a police power to regulate

is the intent of the legislature. *Coltin Company* v. *Manchester Savings Bank,* 105 N.H. 254, 256, 197 A.2d 208, 210. "It is a well settled rule that no tax can be assessed in the absence of a manifest declaration of intent of the Legislature to impose it." *Frizzell* v. *Charlestown,* 107 N.H. 286, 288, 220 A.2d 742, 744. The following words of the statute "regulation" "licensing" "fix reasonable fees" "enforce the observance of such by-laws by suitable penalties" conclusively demonstrate that, in enacting RSA 31:41, the legislature intended to grant towns merely a police power to regulate and license open-air motion picture theatres in the interest of the public good.

License and permit fees will be sustained so long as they reasonably cover the regulatory expenses to the town and are not grossly disproportionate thereto. *Marine Corps League* v. *Benoit,* 96 N.H. 423, 427, 78 A.2d 513, 516; 3 Antieau, Municipal Corporation Law *s.* 24.10. A rating of "X" by the Motion Picture Code and Rating Administration indicates that the particular picture should be viewed only by persons 18 years of age and older. Such pictures can reasonably be found to require different regulation as well as closer and more extensive police supervision than pictures classified as suitable for general viewing.

Towns must be given reasonable latitude in fixing charges to cover anticipated expenses in the enforcement of the ordinance. *State* v. *Cox,* 91 N.H. 137, 144, 16 A.2d 508, 513, 312 U.S. 569, 85 L. Ed. 1049, 61 S. Ct. 762; *Marine Corps League* v. *Benoit, supra.* The fact that the fee charged produces some incidental revenue does not render it unreasonable or the ordinance invalid. *Laconia* v. *Gordon,* 107 N.H. 209, 211, 219 A.2d 701, 703. However, the power to regulate does not embrace the power to prohibit in the guise of a confiscatory fee. *Gilbert* v. *Town of Irvington,* 20 N.J. 432; *Central States Theatre Corporation* v. *Sar,* 66 N.W.2d 450 (Iowa 1954). In determining the appropriateness of the fee a town must consider not only its costs to enforce the ordinance but also the proportionate share left to the business regulated after the fee is paid. *Gilbert* v. *Town of Irvington, supra.*

It is agreed by the parties that the plaintiff as the operator of an open-air motion picture theatre is required to pay to the town an annual license fee of $300. Plaintiff has also made an offer of proof that "The average weekday gross income at the

theater is less than $500 per day. On weekends the theater's gross is less than $1000." The $500 fee imposed for each showing under the ordinance would thus exceed "the average weekday gross income". The town has not proved or offered to prove the cost of administering and enforcing the regulatory ordinance.

We are familiar with the oft enunciated rules that the presumptions favor the validity of ordinances adopted in the exercise of the police power, whether under RSA 31:39, 41 or otherwise, and that the burden of establishing the unconstitutionality of the regulation is on the plaintiff in this case. *State* v. *Grant,* 107 N.H. 1, 3, 216 A.2d 790, 791. However, we cannot escape the conclusion, on the record before us, that the fee of $500 set by this ordinance for each showing of a picture rated "X" bears no reasonable relationship to the cost of administering and enforcing the ordinance and is therefore confiscatory and renders the ordinance in its present form invalid and unenforceable.

In view of the result reached we see no need to consider other issues raised by the parties.

*Remanded.*

GRIMES, J., concurred in the result; the others concurred.