**VALLEY FORGE LIFE INSURANCE COMPANY, Appellant,**

v.

**REPUBLIC NATIONAL LIFE INSURANCE COMPANY et al., Appellees.**

No. 19654.

Court of Civil Appeals of Texas, Dallas.

Dec. 29, 1978.

Rehearing Denied Feb. 20, 1979.

Robert G. Vial, M. Leigh Bartlett, Gerald R. Powell, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellant.

John J. Irvin, Dallas, for appellees.

Before GUITTARD, C. J., AKIN and ROBERTSON, JJ.

GUITTARD, Chief Justice.

This appeal presents the question of whether the presumption of the date of death of a member of the armed forces, as provided by the Texas Presumption of Death Act, Tex.Rev.Civ.Stat.Ann. art. 5541 (Vernon 1973), has been overcome by circumstantial evidence tending to show that death occurred at an earlier time. We hold that the presumption has been overcome and, accordingly, we reverse a summary judgment based on the presumption.

The motion for summary judgment is based on a stipulation of facts from which the following statement is taken. The suit was brought on a group life insurance policy issued by All American Life and Casualty Company. All American obtained a reinsurance agreement with appellee Republic National Life Insurance Company covering losses between October 1, 1965, and August 1, 1967. Appellant Valley Forge Life Insurance Company took over the policy and issued a certificate of insurance to Commander William P. Yarbrough, Jr., a navigator in a naval combat aircraft. Commander Yarbrough's aircraft was reported missing in action after a mission over North Vietnam on January 19, 1967. The Navy Department carried him on its records as "missing in action" until February 24, 1976. On that date the department issued a "Certification of Casualty" on a printed form stating that Yarbrough was killed in action on February 24, 1976. In the space provided in the form for "cause and circumstances," the following notation appears: "Missing in action to Presumed killed in action 1976 Feb. 24." If this date is taken as the date of death, it is not within the period of the reinsurance agreement, and the death benefit in the policy must be paid by appellant Valley Forge Life Insurance Company. If the date of death was January 24, 1967, when Yarborough was first reported missing, it is within the period of the reinsurance agreement, and the loss must fall on appellee Republic National Life Insurance Company.

Republic relies on the Federal Missing Persons Act, 37 U.S.C. § 555 (1968), and the Texas Presumption of Death Act, Tex.Rev. Civ.Stat.Ann. art. 5541 (Vernon Supp.1978). The Missing Persons Act authorizes the secretary of the department or his designee to make a finding of death of a missing member of a uniformed service and to include the date the death is presumed to have occurred for the purpose of federal pay, allowances, death gratuities, and settlement of accounts. The Texas Presumption of Death Act provides:

> When a certificate is issued by any branch of the armed services declaring a person dead, the date of death is *presumed to have occurred* for all purposes as stated in said certificate and such certificate may be admitted as *prima facie evidence* in any court of competent jurisdiction of the date and place where such person died . . .. [Emphasis added.]

Under this statute appellant Valley Forge concedes that the certificate of the Navy Department attached to the stipulation creates a presumption that the insured died in 1976, but argues that this presumption is rebutted by additional facts stipulated.

Among the documents attached to the stipulation is a letter from the Bureau of Naval Personnel to All American Life and Casualty Company stating that a report of the circumstances surrounding the loss of Commander Yarbrough is attached to the letter. The report of circumstances accompanying this letter is marked "Exhibit E" and is attached to the stipulation. The report is a narrative statement containing the following:

> On 19 January 1967 Commander Yarbrough was the navigator of an A–6A aircraft that was piloted by another naval officer and launched on a strike mission over North Vietnam . . . . After bomb release and during the pull-out, Commander Yarbrough's aircraft exploded just aft of the wings. The tail separated from the aircraft and the forward fuselage tumbled end over end engulfed in flames. Two seats were seen ejecting from the tumbling fuselage. Both parachutes appeared. One parachute appeared to deploy fully but the other one only partially. The partially opened chute impacted in a small puff of dust on the ground. No distress signals were heard or seen by anyone. Search and rescue efforts were initiated including electronic surveillance of the target area. The search efforts included EA–6A aircraft, A–1G aircraft and one helicopter. All produced negative results.

> The pilot was among the repatriated prisoners of war and made statements concerning Commander Yarbrough. He stated that he did not think Commander Yarbrough survived. He thought that his parachute did not fully deploy and that he impacted with the ground. The pilot tried unsuccessfully to contact Commander Yarbrough but received no response. Statements made by other returnees indicated that they were unable to determine the fate of Commander Yarbrough.

A supplemental stipulation of facts signed by counsel for all parties contains the following:

> The Plaintiff and Defendant hereby stipulate and agree to the accuracy and admissibility of the exhibits "A" through "F", attached to the Stipulations of Fact on file herein and *further stipulate and agree to the accuracy and admissibility of the contents of the said exhibits "A" through "F".* The Plaintiff and Defendants further stipulate and agree that the Stipulations of Fact on file herein and attached exhibits constitute all of the evidence to be offered and considered in the above styled matter. [Emphasis added.]

■ In support of the summary judgment in its favor, appellee Republic argues that the report of circumstances is not sufficient to overcome the presumption of death in 1976 raised by the certificate of death because the parties did not stipulate to the truth of the facts stated in the report of circumstances but only stipulated to the accuracy and admissibility of the report and its contents. Consequently, it contends that

the stipulation does not prove the circumstances narrated in the report, but only that the circumstances narrated were reported to the Navy Department, and it argues that the fact that such a report was made does not overcome the presumption of death in 1976 established by the certificate.

We do not construe the stipulation so narrowly. The parties stipulated not only the accuracy and admissibility of the exhibits including the report of circumstances marked "Exhibit E," but further stipulated the accuracy and admissibility of the *contents* of the exhibits. This language can reasonably be construed only as a stipulation that the narrative statement in Exhibit E is an accurate report of the circumstances that actually existed when the aircraft with the insured aboard was lost in North Vietnam on January 19, 1967. As such it must be taken as competent proof of the circumstances so narrated.

■ The question then arises as to whether the circumstances so proved are sufficient to rebut the presumption arising from the certificate that the insured died in 1976. We conclude that they do. Under the Missing Persons Act, the purpose of the certificate is to establish the date of death for the purpose of federal pay, allowances, death gratuities, and settlement of accounts. The presumption arises from the Texas Presumption of Death Act, which provides that the date of death is presumed for all purposes to be that stated in the certificate and that the certificate may be admitted as prima facie evidence of the date. The certificate itself states only a presumption, since it recites, "Missing in action to Presumed killed in action 1976 Feb. 24." This presumption is reasonable enough for the purpose of determining the pay, allowances, and death gratuities of a long-missing member of the armed forces. It has little evidentiary weight of itself with respect to the actual date of death, and can be accepted as proof only by virtue of the Presumption of Death Act. Under that Act, it is only prima facie evidence and establishes only a rebuttable presumption. The circumstances relied on to overcome

this presumption are that in 1967 Commander Yarbrough's plane was shot down in enemy territory, his parachute failed to open completely, he struck the ground with a puff of dust, and he was never seen or heard of again, notwithstanding attempts at rescue. These circumstances are sufficient to permit a fact inference that the insured did not survive his fall from the plane on that date. Consequently, we hold that the trial court erred in rendering summary judgment against appellant Valley Forge.

■ Appellant contends further that it is entitled to rendition of judgment in its favor because as a matter of law the facts stipulated require the inference that the insured died on January 19, 1967. Appellant points out that the parties agreed that the stipulation and its attached exhibits "constitute all of the evidence to be offered and considered" in the case. This question depends on whether the presumption created by the Presumption of Death Act disappears when rebutting evidence is offered, or whether even in the face of such rebutting evidence, a fact inference remains which raises a fact issue for determination of the trial court or jury. A true presumption disappears when rebutted and no longer has weight as evidence. *Prudential Ins. Co. v. Krayer,* 366 S.W.2d 779, 780 (Tex.1963); *Mutual Life Ins. Co. v. Burgess,* 174 S.W.2d 324, 326 (Tex.Civ.App.—Fort Worth 1943, writ ref'd). We conclude that once the statutory presumption is rebutted, the certificate provides no reasonable basis for an inference that the death of the insured occurred on the date the certificate was signed. This conclusion is inescapable in view of the recital in the certificate itself that death is presumed. Consequently, the presumption has no further force in this case.

■ Since the statutory presumption thus disappears, and no supporting factual inference remains, the only evidence of the date of death is the evidence of circumstances stated in the narrative report supplied by the Navy Department. These circumstances are sufficient, in the absence of

other evidence, to bring the case within the rule that if a person is last seen under circumstances of imminent peril to his life, and is never seen or heard of again, he is presumed to have died as a result of that peril. *Wells v. Margraves,* 164 S.W. 881, 883 (Tex.Civ.App.—Texarkana 1914, writ ref'd); *Lukens v. Camden Trust Co.,* 2 N.J. Super. 214, 62 A.2d 886 (Super.Ct.Ch.Div. 1948); *In re Thornburg's Estate,* 186 Or. 570, 208 P.2d 349, 354 (1949). In the absence of any other evidence—and the parties stipulated that no other evidence will be considered—that presumption establishes as a matter of law that the insured died on January 19, 1967, or within a short time thereafter.

▮ Nevertheless, we cannot render judgment here for appellant because the case has never been tried, and appellant filed no motion for summary judgment. We cannot render a summary judgment in favor of a party who has not moved for summary judgment in the trial court, and neither can we render judgment as a matter of law on the stipulated facts when no trial has taken place. Consequently, we can only reverse the judgment and remand the cause to the trial court for further proceedings in accordance with this opinion.

▮ We observe, moreover, that there is no point in applying the summary-judgment practice to a case in which all the facts are stipulated. In such a case the stipulation rather than the motion saves the time and expense of eliciting testimony from live witnesses. The judge has discretion to refuse to consider such a motion and to set the case instead for an early non-jury trial on the stipulation. This is the better practice, even if the only questions presented are thought to be questions of law. The judgment can then be defended on appeal without the burden of negating the existence of fact issues, the burden assumed by the movant in a motion for summary judgment.

Reversed and remanded for further proceedings in accordance with this opinion.

## ON MOTION FOR REHEARING

In its motion for rehearing Republic points out that article 5541 not only provides a presumption that death occurred on the date of the certificate, but also provides that "such certificate may be admitted as prima facie evidence . . . of the date and place where such person died." Consequently, Republic argues, although the presumption may have disappeared when rebutted, the certificate remains as evidence sufficient to raise a fact issue. In support of this argument, Republic cites *Hill v. Cabral,* 62 R.I. 11, 2 A.2d 482 (1938), and *Thomes v. Meyer Store,* 268 Mass. 587, 168 N.E. 178 (1929).

▮ Notwithstanding the holdings in those cases, we are not persuaded that our legislature, in enacting article 5541, intended the certificate to be accepted as evidence sufficient to raise a fact issue, regardless of the strength of opposing testimony. "Prima facie evidence" is a phrase with no fixed meaning. Sometimes it means evidence raising a presumption; that is, proof establishing the existence of the fact at issue as a matter of law if no opposing evidence is offered. In other contexts it means proof that merely entitles the proponent to go to the jury on the existence of the fact at issue if no opposing proof is offered. *Coward v. Gateway Nat'l Bank,* 525 S.W.2d 857, 859 (Tex.1975); 9 J. Wigmore, Evidence § 2494 (3rd ed. 1940); 1 C. McCormick and R. Ray, Texas Law of Evidence § 55 (2nd ed. 1956); *and see Texas Dept. of Public Safety v. Casselman,* 417 S.W.2d 146, 149–50 (Tex. 1967) (official certificate is prima facie evidence of contents of judgment, but presumption is destroyed by opposing evidence). In a number of Texas cases "prima facie evidence" is defined in this latter sense to mean that which suffices for the proof of a particular fact until contradicted and overcome by other evidence. *Simonds v. Stanolind Oil & Gas Co.,* 134 Tex. 332, 136 S.W.2d 207, 209 (1940); *Dodson v. Watson,* 110 Tex. 355, 358, 220 S.W. 771, 772 (1920).

Under these authorities, if "prima facie evidence" is not used in article 5541 in the sense of evidence raising a presumption, it

has even less force. So interpreted, the statute simply makes the certificate admissible in evidence and provides that when admitted it creates a presumption. The phrase "prima facie" qualifies and limits the term "evidence." If the statute provided that the certificate "shall be evidence" of the date of death, then perhaps it would support a fact finding, regardless of opposing evidence. The statute provides, however, only that it shall be "prima facie evidence." We are not persuaded that the ambiguous term "prima facie evidence" means that the certificate alone raises a fact issue, regardless of what opposing evidence may have been introduced. For instance, we do not believe that the legislature intended to authorize a court or jury to find that death occurred on the date specified in the certificate, even though disinterested eye-witness testimony should conclusively establish that it occurred at an earlier date. Consequently, we conclude that the certificate has no probative force if it is rebutted by other evidence of the date.

▓▓▓ Republic's motion also raises the question as to whether the evidence contained in the stipulation is sufficient to rebut the presumption. We adhere to our decision on original submission that the presumption has been rebutted. We recognize that there are expressions in some Texas cases that evidence to rebut a presumption must be conclusive or so clear, positive and disinterested that it should be given conclusive effect. *Southland Life Ins. Co. v. Greenwade*, 138 Tex. 450, 159 S.W.2d 854, 858 (1942) (presumption of receipt of letter from proper mailing); *see Empire Gas & Fuel Co. v. Muegge*, 135 Tex. 520, 143 S.W.2d 763, 768 (1940) (recognizing conflicting authorities). More recently, however, the supreme court has set this question at rest by holding that in order to rebut a presumption, the opponent is not required to prove non-existence of the fact in issue as a matter of law, but may rebut it by the testimony of an interested witness, thus shifting to the proponent the burden of offering other evidence to prove the fact at issue. *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 359 (Tex.1971) (pre-

sumption of scope of employment of truck driver). That opinion recognizes that if the facts on which the presumption is based, without the aid of the presumption, logically tend to establish the fact at issue, then, although the presumption disappears as a rule of law, the fact inference remaining may be sufficient to raise an issue for the jury. Examples cited by the court are *Sudduth v. Commonwealth County Mut. Ins. Co.*, 454 S.W.2d 196, 198 (Tex.1970) (inference of non-mailing of notice from non-arrival); *Southland Life Ins. Co. v. Greenwade*, 138 Tex. 450, 159 S.W.2d 854, 858 (inference of receipt of letter from proper mailing).

▓▓▓ Applying these rules, we conclude that the presumption has been rebutted in this case. The certificate by the Navy Department shows only that February 24, 1976, is the date on which the insured's status was changed on the department's records from "missing in action" to "presumed killed in action." In itself, the certificate does not tend logically to establish the date of death. Only by virtue of the presumption provided by article 5541 does it have any force to establish the date of death. When that presumption was rebutted by evidence of circumstances tending to show his death at an earlier date, the certificate had no further force as a presumption or as "prima facie evidence."

▓▓▓ Although the opposing evidence here may fall short of direct eye-witness testimony, we hold that it is sufficient to rebut the presumption and to raise a counter-presumption that the insured died in 1967. The circumstances of his disappearance, as established by the stipulation, provide circumstantial evidence that he died when his plane was shot down over North Vietnam. Proof of the perilous circumstances in which he was last seen raises a counter-presumption, which serves to overcome the presumption established by the certificate, and thus to cast on Republic the burden to produce evidence intending to prove that he survived that peril. *See* 9 J. Wigmore, Evidence § 2493 (3rd ed. 1940).

Since, by the terms of the stipulation, no other evidence is available, judgment should be rendered accordingly.

Motion for rehearing overruled.