Carroll
No. 80-095
No. 80-101

TOWN OF JACKSON

v.

TOWN AND COUNTRY MOTOR INN, INC.

TOWN OF JACKSON

v.

NATIONAL ADVERTISING COMPANY

October 27, 1980

*Upton, Sanders & Smith,* of Concord (*John F. Teague* orally), for the plaintiff.

*Bergeron & Hanson,* of Berlin (*Alethea L. Froburg* orally), for Town and Country Motor Inn, Inc.

*Richard A. Hampe,* of Concord, by brief and orally, for National Advertising Company.

PER CURIAM.  In these two cases, we decide whether a town can, by ordinance, require the removal of signs which existed long before the ordinance's effective date. We hold that it may not.

Town and Country Motor Inn, Inc., owns a sign located on Route 16 in the town of Jackson. The sign is located on land that is covered under a lease arrangement with the owner of the land. It measures 8′ x 24′ and indicates the location of the motor inn which is in Gorham, about twenty miles away. The sign is mounted on steel posts set in concrete footings. It has been in its present location since 1966 but was rebuilt in 1971 after it was damaged by vandals.

National Advertising Company also owns a sign on Route 16 in Jackson which was erected in 1962 under a lease from the owner of the land. The sign measures 8′ x 16′ and its supports are set in concrete. It advertises a business in Conway, about ten miles away. Both signs meet the requirements of RSA ch. 249-A.

In 1973, the Town of Jackson amended its zoning ordinance, which did not previously affect signs, to limit off-premises signs to directory type signs for local businesses. It provided that all nonconforming signs be removed within three years from the ordinance's date of enactment.

The town brought bills in equity seeking orders that the respective defendants remove the signs in question. The cases were heard together before a Master (*Charles T. Gallagher,* Esq.) who made certain findings and recommendations but, on rehearing, transferred the question of whether the defendants' signs were "structures" within the meaning of RSA 31:62. His report was approved by *Wyman,* J.

RSA 31:62, which is part of the subdivision of chapter 31 from which towns obtain their power to enact zoning ordinances, provides that "[a] regulation made under this subdivision shall not apply to existing structures nor to the existing use of any building. . . ." That the term "structure" includes something other than a building is indicated by the fact that section 62 itself uses both terms. RSA 31:60 likewise refers to "buildings and other structures." In *Rockingham Hotel Co. v. North Hampton,* 101 N.H. 441, 146 A.2d 253 (1958), we impliedly regarded a sign which was similar in size to those in question as one of the "other structures"

that a municipality could regulate under RSA 31:60 *et seq.* It is clear to us that the defendants' signs, considering their size and construction, are "structures" within the meaning of RSA 31:62.

■ ■ It is well settled that towns have only that authority which is given them by the State and have no other inherent power of their own. *Hooksett Drive-In Theatre, Inc. v. Hooksett,* 110 N.H. 287, 288, 266 A.2d 124, 125 (1970); *Exeter v. Kenick,* 104 N.H. 168, 170, 181 A.2d 638, 640 (1962). Because of the express limitation contained in RSA 31:62, the Town of Jackson lacks the power, under existing statutes, to apply its ordinance to the signs in question. The bills in equity should therefore be dismissed. This holding is not inconsistent with *L. Grossman & Sons, Inc. v. Town of Gilford,* 118 N.H. 480, 387 A.2d 1178 (1978), in which the power of the town was assumed because RSA 31:62 was not raised.

*Remanded.*