**ALZO ADVERTISING, INC. and Propane Systems of Texas, Inc., Appellants,**

v.

**INDUSTRIAL PROPERTIES CORPORATION, Appellee.**

No. 05–86–00214–CV.

Court of Appeals of Texas, Dallas.

Dec. 22, 1986.

Rehearing Denied Jan. 28, 1987.

---

D. Bradley Kizzia, Mark M. Donheiser, Dallas, for appellants.

A. Erin Dwyer, Alan B. Rich, Dallas, for appellee.

Before WHITHAM, HOWELL and JAMES,[1] JJ.

WHITHAM, Justice.

In this suit involving interpretation of a lease of real property, appellant-tenants, Alzo Advertising, Inc. and Propane Systems of Texas, Inc., appeal from a summary judgment in favor of appellee-landlord, Industrial Properties Corporation, declaring Industrial entitled under the lease to withhold consent to erect a billboard. We conclude that the trial court did not err in rendering summary judgment in favor of Industrial as to erection of the billboard. We conclude further that an additional declaration made by the trial court was improper. Accordingly, we affirm in part and reverse and remand in part.

Initially, Industrial leased the property to Phillips Petroleum Company pursuant to a written lease agreement. The second paragraph of section twelve of the lease provides:

> No building, structure or other improvements shall be erected, constructed, added to or altered on the premises or any part thereof, without prior submission of plans and specifications therefor to Industrial or its successors and the securing of written approval thereof from Industrial Properties Corporation or its successors.

1. The Honorable John A. James, Jr., Justice, retired, Court of Appeals, Tenth District of Tex- as at Waco, sitting by assignment.

For descriptive purposes, we refer to this lease provision as the "prior approval clause." Thereafter, Phillips sublet the property to Propane subject to all of the covenants and conditions set forth in the lease. In this connection, section eight of the lease provides, in part, that no "assignment or underletting shall in anywise affect the terms, conditions, covenants, agreements and provisions herein set forth." Propane then sublet a small portion of the property to Alzo for the purpose of erecting and maintaining an outdoor advertising billboard on the property. The billboard would stand fifty feet tall and be approximately 664 square feet in area. Prior to commencing construction of the billboard, Propane submitted plans and specifications for the billboard to Industrial for its approval. Industrial disapproved the plans. After receiving notice from Industrial that the billboard would not be approved, Propane and Alzo instituted the present action seeking a declaratory judgment that any covenants did not restrict Alzo from erecting a billboard on the leased premises and that Industrial could not unreasonably withhold its approval of tenants' plans and specifications for the erection and maintenance of a billboard and must approve adequate and reasonable plans submitted by tenants. In response, Industrial filed a counterclaim seeking a declaratory judgment that it was entitled under the lease to refuse to permit construction of the billboard on the property. Thereafter, Industrial moved for summary judgment on the entire case.

The trial court's summary judgment (1) declared that Industrial had the absolute right to refuse to permit construction of the billboard, (2) stated that "Plaintiffs cannot erect, modify, or alter any other building, structure, or improvement on the leased property without first securing the written approval thereof from Industrial Properties Corporation" and (3) awarded Industrial its reasonable attorneys' fees and costs. Tenants contend that Industrial's consent to construction of the billboard is not required for three reasons. First, tenants argue that a lessee, such as Pro-

pane, has an unfettered right to use the property for any lawful purpose absent a lease restriction to the contrary. Second, tenants assert that the billboard is not a "building, structure or other improvement" and, therefore, is outside the ambit of the prior approval clause. Finally, appellants maintain that the prior approval clause should be completely disregarded because it conflicts with another provision of the lease.

■■■ As to tenants' first contention, we conclude that a lessee has no such unfettered right. The right of a lessor to control the use of his premises is undisputed. A lessor may insert such conditions in the lease contract with reference thereto as he pleases, and it is not for the lessee to say that they are unreasonable. *Neiman-Marcus Co. v. Hexter*, 412 S.W.2d 915, 917 (Tex.Civ.App.—Dallas 1967, writ ref'd n.r. e.); *Weinkrantz v. Southwestern Life Ins. Co.*, 264 S.W. 550, 550 (Tex.Civ.App.—Dallas 1924, no writ). Therefore, we find no merit in tenants' argument that they had an unfettered right to use the property for any lawful purpose absent a lease restriction to the contrary.

■■■ Next, we consider tenants' second contention—that a billboard is not a structure. A settled principle of contract interpretation is that terms used are to be given their plain, ordinary, and generally accepted meaning. *Western Reserve Life Ins. Co. v. Meadows*, 152 Tex. 559, 564, 261 S.W.2d 554, 557 (1953). The broad definition of the word "structure" is "[a]ny production or piece of work artificially built up, or composed of parts joined together in some definite manner; any construction." *Stewart v. Welsh*, 142 Tex. 314, 317, 178 S.W.2d 506, 508 (1944). In the present case, the proposed billboard is clearly encompassed within this definition. Indeed, courts throughout the country have held that the word "structure" includes signs and billboards as a matter of law. For instance, in *Bossier Center, Inc. v. B & B Systems, Inc.*, 388 So.2d 826 (La.Ct.App. 1980), a case nearly identical to the present

action, a grantor conveyed property with the following deed restriction: "vendee agrees not to erect any structures without the written consent of the vendor." The grantee then leased a small portion of the property to a commercial sign company for the erection of a billboard. The grantor brought suit to enjoin the sign company because he had not consented to construction of the billboard. The court held that the proposed billboard was a "structure," and that it could not be erected without the consent of the grantor. Likewise, the supreme courts of New Hampshire and Wisconsin have held that billboards are "structures." *Town of Jackson v. Town and Country Motor Inn, Inc.*, 120 N.H. 699, 422 A.2d 1034, 1035 (1980); *Asen v. Jos. Schlitz Brewing Co.*, 11 Wis.2d 594, 106 N.W.2d 269, 273 (1960). Other reported decisions addressing the question have held that a sign or billboard is a structure. *See, e.g., United States v. 40.00 Acres of Land, More or Less*, 427 F.Supp. 434, 440 (W.D. Mo.1976). ("buildings, structures or other improvements" in 42 U.S.C. § 4652 includes billboards as structures); *State ex rel. Thompson v. Osage Outdoor Advertising, Inc.*, 674 S.W.2d 81, 86 (Mo.App.1984) (billboards are "structures" subject to taxation under *ad valorem* statute); *Switzer Advertising Co. v. White*, 188 Okl. 567, 111 P.2d 815, 818 (1941) (billboard is "structure" for purposes of workmen's compensation laws). Consequently, we find no merit in tenants' assertion that the billboard is not a "structure" within the meaning of the prior approval clause of the lease. Instead, we hold that billboards are "structures." Moreover, we find no merit in tenants' suggestion that the rule of construction known as *ejusdem generis* is applicable. According to tenants, "structure" is a more general term than "building" and, since the general term follows the specific term in the prior approval clause, "structure" is limited by the preceding word "building". We disagree that the word "structure" is so limited. Instead, we conclude that there is no ambiguity in the prior approval clause because the plain meaning of "structure" includes billboards.

If a written contract is so worded that it can be given a certain or definite legal meaning or interpretation, it is not ambiguous. *Universal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 517, 243 S.W.2d 154, 157 (1951). Thus, we reject all of tenants' efforts to place the billboard in question outside the prohibition of the prior approval clause.

■ Next, we consider tenants' third reason that Industrial's consent to construction of the billboard is not required. Tenants insist that Industrial had no absolute right to refuse because of the language of paragraph four of section five of the lease reading:

At all other times, Lessee shall have the right to alter, add to, demolish, or reconstruct as often as and whenever he deems proper any building, buildings or other improvements on the demised premises, provided that Lessee may remove or demolish the building, buildings, or other improvements only for the purpose of immediately replacing what he has removed or demolished with another building, buildings or improvements at least equivalent in value to the buildings or improvements so removed or demolished, and, if Lessor require[s] the same, Lessee shall furnish to Lessor reasonable security to guarantee such replacement.

Tenants maintain that this lease provision grants tenants the absolute right to construct the billboard under any circumstances. Tenants argue that the prior approval clause must be disregarded since it conflicts with paragraph four of section five. We disagree. In construing an instrument, the interpretation should be adopted that best effectuates the intention of the parties and that which will harmonize seemingly inconsistent clauses or phrases. If possible, the interpretation should be that which will not annul a portion of the agreement. *Texas Pacific Indemnity Co. v. Building Material Distributors, Inc.*, 502 S.W.2d 922, 925 (Tex.Civ.App.—Dallas 1973, no writ). We read paragraph four of section five to pertain only to duties, rights and remedies in the event of an insured loss to

the property. We so read paragraph four of section five because of the subject matter of all the remaining paragraphs of section five. Indeed, for descriptive purposes we will refer to section five as the "insurance section." There are four paragraphs in the insurance section. Paragraph one of the insurance section requires the lessee to carry insurance on the leased "building, buildings, and other improvements" to cover loss or damage by fire, tornado and hail. Paragraph two of the insurance section provides that the trustee named in the policies is responsible for the insurance proceeds pending the restoration, if any, of the destroyed buildings or improvements. Paragraph three of the insurance section provides that in the event of *"total* destruction" (emphasis added) of any buildings or other improvements the lessee may rebuild same, although he is under no obligation to do so. Finally, paragraph four of the insurance section, upon which tenants have fastened their argument, provides:

> At all other times, lessee shall have the right to alter, add to, demolish, or reconstruct as often as and whenever he deems proper any *building, buildings or other improvements* on the demised premises, provided that lessee may remove or demolish the *building, buildings, or other improvements* only for the purpose of immediately replacing what he has removed or demolished with another *building, buildings or improvements* at least equivalent in value to the *buildings or improvements* so removed or demolished....

(Emphasis added). We conclude, therefore, that the conflict perceived by tenants is non-existent. We reach this conclusion because, taken in context, paragraph four of the insurance section in no way conflicts with or renders ambiguous the prior approval clause. The first three paragraphs of the insurance section concern: (1) the lessee's rebuilding rights and duties in case of *"total* destruction" of buildings or other improvements and (2) the lessee's rights and duties concerning insuring the premises against *fire, hail* and *tornado.* Reading the fourth and final paragraph of the insurance section in context, it is clear that "all other times" means: (1) when there has been *less* than *total* destruction of buildings or other improvements, or (2) when there is any destruction, whether partial or total, from *causes* other than fire, hail or tornado. Consequently, we conclude that this last paragraph of the insurance section is not a general grant of power to the lessee to erect on the property anything lessee chooses to build. Thus, we conclude further that paragraph four of the insurance section does not allow tenants to erect the billboard nor does it in any way conflict with the prior approval clause. Therefore, we find no merit in tenants' assertion that the prior approval clause must be disregarded because it conflicts with another provision of the lease.

■ Unpersuaded by any of tenants' contentions that Industrial's consent to construction of the billboard is not required by the lease, we hold that Industrial's approval of construction of the billboard was required. It is undisputed that such approval was not granted by Industrial. Moreover, tenants do not challenge the amount or reasonableness of the attorneys' fees awarded to Industrial. Indeed, tenants contest the award of attorneys' fees only on the basis that summary judgment was improperly granted to Industrial declaring Industrial's absolute right to refuse to permit construction of the billboard. For the above reasons, we conclude that the trial court correctly declared Industrial's absolute right to refuse to permit construction of the billboard. Consequently, we hold that the trial court did not err in rendering summary judgment in favor of Industrial *except* insofar as the trial court declared in its judgment that: "Plaintiffs cannot erect, modify, or alter any other building, structure, or improvement on the leased property without first securing the written approval thereof from Industrial Properties Corporation." Therefore, in light of our opinion thus far we overrule tenants' points of error one through five and point of error seven.

In their sixth point of error, tenants complain that the trial court went too far in its judgment when it declared that: "Plaintiffs cannot erect, modify, or alter any other building, structure, or improvement on the leased property without first securing the written approval thereof from Industrial Properties Corporation." Industrial responds that in its trial pleadings it requested (1) declaratory relief as to the meaning of the prior approval clause and (2) a declaration that Industrial was absolutely entitled to refuse permission to tenants to erect the billboard. Industrial also points to its prayer for "all other and further relief, both general and special, at law or in equity, to which it shows itself justly entitled." Industrial argues that in light of this pleading, the trial court was fully authorized to declare the meaning of the prior approval clause, including Industrial's right to approve in advance any construction on the property contemplated by tenants. We conclude that Industrial treats the issue before the trial court too broadly. We fail to see how the objected to declaration can be justified when the judgment immediately prior thereto declared that: "Industrial Properties Corporation has the absolute right to refuse permission to the Plaintiffs to erect a billboard on the leased property." We conclude, therefore, that the trial court declared beyond the issue before the trial court. Moreover, we conclude further that the trial court, by the objected to declaration, adversely affected tenants rights under the insurance section when there was no issue before the trial court requiring the trial court to declare rights under the insurance section. Therefore, we conclude further that the trial court erred in rendering summary judgment in favor of Industrial insofar as the trial court declared that: "Plaintiffs cannot erect, modify, or alter any other building, structure, or improvement on the leased property without first securing the written approval thereof from Industrial Properties Corporation." Consequently, we sustain tenants' sixth point of error and reverse the trial court's judgment insofar as it declares that: "Plaintiffs cannot erect, modify, or alter any other building, structure, or improvement on the leased property without first securing the written approval thereof from Industrial Properties Corporation."

Tenants, however, did not move for summary judgment in the trial court. This court can only reverse and remand if the successful party on appeal has not moved for summary judgment in the trial court. *CRA, Inc. v. Bullock*, 615 S.W.2d 175, 176 (Tex.1981); *Valley Forge Life Insurance Co. v. Republic National Life Insurance Co.*, 579 S.W.2d 271, 276 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.); *see also, Cowan v. Woodrum*, 472 S.W.2d 749, 750 (Tex.1971). If both parties file motions for summary judgment, then on appeal we may render judgment. *Tobin v. Garcia*, 159 Tex. 58, 63–64, 316 S.W.2d 396, 400–01 (Tex.1958). Thus, in the present case, we cannot render a summary judgment in favor of a party who has not moved for summary judgment in the trial court, and neither can we render judgment as a matter of law when no trial has taken place. Consequently, we can only reverse the judgment and remand the cause to the trial court for further proceedings in accordance with this opinion. *Valley Forge Life Insurance Co. v. Republic National Life Insurance Co.*, 579 S.W.2d 271, 276 (Tex.Civ. App.—Dallas 1979, writ ref'd n.r.e.). Accordingly, insofar as the trial court declared that: "Plaintiffs cannot erect, modify, or alter any other building, structure, or improvement on the leased property without first securing the written approval thereof from Industrial Properties Corporation," we reverse the judgment of the trial court and remand the case to the trial court for further proceedings in accordance with this opinion. We affirm the remainder of the trial court's judgment.