Mr. Howard Williams, Administrator Arkansas Contractors Licensing Board 621 East Capitol Ave. Little Rock, Arkansas 72202
Dear Mr. Williams:
This is in response to your request for an opinion on the following question:
 Would a person be required to be licensed under the above mentioned Act is the entity were responsible for furnishing and the installation of a sign when the installation requires a digging and pouring of footing and concrete pad, and the erection of a structure to support the sign?
It is my opinion that the Contractors Licensing Board ("Board") could properly determine that the answer to this question if "yes" under A.C.A. 17-22-101(a) (Supp. 1987).
Section 17-22-101(a) (Supp. 1987) provides in pertinent part as follows:
 (a) As used in this chapter, unless the context otherwise requires, "contractor" means any person, firm, partnership, copartnership, association, corporation or other organization, or any combination thereof, who for a fixed price, commission, fee, or wage attempts to or submits a bid to construct, or contracts or undertakes to construct, or assumes charge, in a supervisory capacity or otherwise, or manages the construction, erection, alteration, or repair, or has or have constructed, erected, altered, or repaired, under his, their, or its direction, any building, apartment, condominium, highway, sewer, utility, grading, or any other improvement or structure on public or private property for lease, rent, resale, public access, or similar purpose, except single-family residences, when the cost of the work to be done, or done, in the State of Arkansas by the contractor, including, but not limited to, labor and materials, is twenty thousand dollars ($20,000) or more.
The erection of a sign under these circumstances, if the cost of the work is equal to or exceeds twenty-thousand dollars ($20,000), could in my opinion properly fall within the above provision. A structure is defined as any construction, or any production or piece of work artificially built or composed of parts joined together in some definite manner. Black's Law Dictionary, 5th Ed. (1979). Other jurisdictions have defined "structure" to include two signs which were mounted on supports set in concrete and which measures eight feet by twenty-four feet and eight feet by sixteen feet. Town of Jackson v. Town and Country Motor Inn, Inc.,120 N.H. 699, 422 A.2d 1034 (1980). In addition, the Appellate Court of Illinois held that a sign which was twenty-seven feet high an consisted of two large metal poles with a sign box attached to the poles an buried ten feet into the ground and embedded in concrete was a structure. Brazier v. Kontos, 160 Ill. App.3d 177,513 N.E.2d 152 (1987).
Although the statute could be interpreted to include sign erection, the ultimate decision will rest with the Board appointed to enforce this Act. As a general rule, a court cannot substitute its judgment for that of the administrative agency, and an agency's interpretation of its own statutes is highly persuasive. Arkansas Contractor Licensing Board v. Butler Construction Co.,295 Ark. 223, 748 S.W.2d 129 (1988). When applying this licensing law, the Board should be guided generally by Act 684 of 1977, 2, which provided in pertinent part as follows:
 It is hereby found and determined by the General Assembly that the Contractors Licensing laws intended to protect the public with respect to construction contracts in the amount of twenty thousand dollars ($20,000) or more; that it is essential that all persons who manage construction projects be licensed contractors, thereby insuring that persons of competent professional training and abilities are in control of the management of such construction projects, in that the immediate passage of this Act is necessary to clarify the definition of contractor of the Contractors Licensing Law, to correct the situation and thereby protect the health and safety of the people of the State.
Therefore, it is the opinion of this office that the Arkansas Code section referred to above is broad enough to include the erection of a sign under these circumstances if the cost, as stated in17-22-101(a), equals or exceeds twenty thousand dollars ($20,000). However, the Board should be guided by its charge to protect the public health and safety. If it is the decision of the Board that the public health and safety is protected by the application of the Contractors Licensing Law to this particular type of construction, then the Board should consider such a sign as a "structure" under the licensing law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.